COX *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE WESTCHESTER TURNPIKE ROAD.

To sustain an action against a turnpike company, for damages sustained in consequence of the road being suffered to be out of repair, two circumstances must concur : negligence on the part of the defendant, from which the injury resulted, and the exercise of ordinary care by the plaintiff.

If the plaintiff was negligent, and his negligence concurred with that of the defendant in producing the injury, no action will lie.

Where, in an action of that nature, brought in a justice's court, the jury finds the question of want of ordinary care by the plaintiff against the defendant, the county court, on appeal, should not interfere with the verdict, unless the evidence upon that point is clear, positive, and uncontradicted.

Where the plaintiff's horse, while being ridden slowly over a turnpike road, was injured, by stepping into a rut or fissure which was not so plain and obvious to the sight that a traveler would necessarily observe it ; *Held* that the failure of the plaintiff's servant to see the defect in the road, did not amount to negligence.

THIS action was brought against the defendants, for negligently leaving their turnpike road out of repair, in consequence of which a valuable horse of the plaintiff had his leg broken, and was rendered comparatively valueless. The action was tried before a justice of the peace of the town of Mamaroneck, and a jury.   A verdict of $100 for the plaintiff was rendered, and judgment thereupon entered up.   From this judgment, an appeal was taken by the defend-

ant to the county court, by which court the judgment was reversed upon the sole ground, "That the plaintiff was not in the exercise of ordinary care at the time of the accident, and, therefore, was guilty of negligence that contributed to the injury received." From the judgment of the county court the plaintiff appealed.

*E. W. Andrews,* for the plaintiff.

*John J. Clapp,* for the defendant.

*By the Court,* BROWN, J. The jury in this case found that the horse of the plaintiff was lamed and seriously injured by the careless and negligent omission of the defendant to keep its road in sufficient repair, and they assessed his damages at $100. The defendant is a corporation created by an act of the legislature, of the 7th of April, 1800, with a franchise for the construction and maintenance of a turnpike road from East Chester to Byram, and to take tolls thereon. The duty and obligation imposed upon the corporation by the act is " to have their said road four rods wide, and twenty-four feet of the same bedded with wood, stone, gravel, or any other hard substance, compacted together a sufficient depth to secure a solid foundation to the same, and to have said road faced with gravel or other hard substance, in such manner as to secure, as near as the materials will admit, an even surface rising towards the middle by a gradual arch." The injury and accident occurred on the 2d April, 1858; and the proof showed, beyond any dispute, that the defendant had neglected and disregarded the obligation imposed upon it by that part of the act which I have quoted. There were ruts or fissures in the traveled part of the roadway several rods in length, some of them from four to eight inches in width, and a foot deep. One of the witnesses testified that they were paved on both sides with stones, the plaintiff's horse set his foot upon one of these stones,

sunk into the rut and broke his leg at the pastern joint. The evidence made out a clear case of gross and culpable negligence on the part of the defendant, and of injury resulting therefrom to the plaintiff. The jury were therefore right in rendering a verdict for the plaintiff. They could not do otherwise, unless the defense and excuse set up by the defendants was sufficient to deprive the plaintiff of all right to recover. This consisted in showing that the negligence and want of care of the plaintiff contributed to bring about the accident. In the case of *Button* v. *The Hudson River Rail Road Co.,* (18 *N. Y. Rep.* 248,) to which we have been referred, the rule is thus given : " In regard to the circumstances essential to the cause of action, the plaintiff held and was required to sustain the affirmative. Among these circumstances were, that the defendants were negligent, and the injury resulted from that negligence. If the intestate was negligent, and his negligence concurred with that of the defendants in producing the injury, the plaintiff had no cause of action. The reason why no right of action would exist is that both the intestate and the defendants being guilty of the negligence, they were the common authors of what immediately flowed from it, and it was not a consequence of the negligence of either." Again : " The jury should have been told that if the negligence of the deceased at the time of the accident in any way concurred to produce it, the plaintiff could not recover." " Two things," said Lord Ellenborough, in *Butterfield* v. *Forrester,* (11 *East,* 69,) " must concur to support this action—an obstruction in the road by the fault of the defendant, and no want of ordinary care by the plaintiff." " Negligence," said Ch. J. Savage, in *Harlow* v. *Humiston,* (6 *Cowen,* 189,) " by the defendant, and ordinary care by the plaintiff, are necessary to sustain the action." These cases furnish the rule by which the defense must stand or fall. And we will now turn and see upon what evidence the county court reached the conclusion that there was a want of ordinary care by the plaintiff, which concurred with the

Cox *v.* President &c. of Westchester Turnpike Road.

negligence of the defendant in producing the injury. The defendant is a turnpike corporation, with a franchise to provide a road at all times fit for public travel, according to the requisites of the act of incorporation, with the right to exact and take tolls from persons traveling thereon. At the time of the accident its road was in actual use, with passengers passing over the same daily, and perhaps hourly. The law required the defendant to have the road fit for travel, and free from holes, ruts and fissures, so that persons, animals and teams could pass over it freely and safely. Travelers had a right to presume, and to act upon the presumption, that the defendant had complied with the conditions which the law demanded. If there was a fissure or excavation in the road made known to the boy riding the horse of the plaintiff, and he heedlessly and carelessly drove into it; or if it was so plain and perceptible that with ordinary care he must have seen it, but did not, and the horse went into it and was injured, it is plain that under either of these hypotheses the plaintiff cannot recover, because the act of his own servant concurred with the negligent omission of the defendant to produce the injury. But I shall show that neither of them finds any support in the testimony. It is not true that the lad had personal knowledge of the dimensions or dangerous character of these ruts, at the time of the accident. His own testimony is all the evidence the justice's return furnishes on the subject. He says, "I noticed the ruts before. I was in the habit of going to Mamaroneck village nearly every day." In going to Mamaroneck village I assume that he passed over the part of the road where the accident occurred. But he does not say, nor does he seem to have been asked, how long before the time of the accident he saw the ruts, or whether their appearance and condition when he did see them, was the same or different from that at the time the horse was injured. It is not pretended that he was traveling rapidly or recklessly over the road. On the contrary he swears he was going slow and upon a walk. The jury found

this question of want of ordinary care by the plaintiff against the defendant. And I respectfully submit that unless the evidence was clear, positive and uncontradicted upon the point in question, the county court could not interfere with the verdict. But these ruts were not so plain and obvious to the sight that a traveler would necessarily observe them. The defendant seems to have placed this branch of the defense beyond all doubt, by its own testimony. Stephen C. Griffin, the president of the road, swears that the road at the place where the accident occurred, in 1858, "was in good condition, headed with stone and hard material. Jeremiah Hyatt, George Baxter and William H. Somers passed over the road at the point where the horse was injured; Somers six times a week, Hyatt sometimes three times a day—and neither of them saw any ruts. These witnesses were all of them called and examined for the defendant. In the face of this evidence we cannot say that it was negligence in the plaintiff's son and servant not seeing what the defendant's witnesses were unable to see, although some of them passed over the road more frequently, and had better opportunities for seeing, than he had. I submit that upon the merits of the case the county court erred in reversing the judgment.

I proceed to notice two exceptions taken by the defendants' counsel to decisions of the justice, upon the trial, upon the admissibility of certain evidence. John Cox was examined, and said he saw the horse fifteen minutes after the accident, a few yards from the place where it occurred. He was asked by the counsel for the plaintiff the following question: "What was the condition of the road for a rod either way from where you found the horse?" This was objected to by the defendant's counsel as immaterial. The objection was overruled, and the defendant's counsel excepted. One of the issues to be tried was upon the condition of the road. Had the defendant negligently suffered it to become broken and indented with ruts and fissures, or was the fissure where the horse was injured a mere accidental indentation recently

Cox *v.* President &c. of Westchester Turnpike Road.

made, and which the defendant had no opportunity to fill up and repair. The general condition of the road at and near the place where the horse was injured was material upon this point; for upon the question of the omission of the defendant to keep it in repair, it was proper and right to show its condition elsewhere in the vicinity. William L. Barker, another witness who gave evidence for the plaintiff, was asked the following question: "Was the spot pointed out to you where it was said the horse was injured, and if so, where was the spot?" The defendant's counsel also objected to this question. The objection was overruled, and the defendant excepted. The witness proceeded to state: the place was pointed out to him by B. Flandreau, whom he says he saw with the boy and the horse a short time after the accident, and before the horse was removed. The place pointed out was on the flat where the old road meets the turnpike road at the foot of the hill. He also proceeded, under the like objection and decision, to state the condition of the road at that point. This evidence was of no moment, and was perhaps irrelevant unless it subsequently appeared that the place so designated was the place where the accident occurred. This could be done by producing and examining Flandreau or the boy William H. Cox. The latter was examined, and proved that the place so pointed out and described was the identical place where the accident occurred.

The judgment of the county court should be reversed, and that of the justice's court affirmed.

[Kings General Term, February 11, 1861. *Lott, Emott* and *Brown,* Justices.]