## WELLING *vs.* JUDGE.

The plaintiff, while driving his horse drawing a loaded wagon, upon a public highway, himself being on foot at the time, in the highway, met the two-horse wagon of the defendant, loaded with ice. The defendant had thrown his reins upon the ice, and was walking behind his wagon; the ice being so high that he could not see ahead, and his horses going without any guidance. As the wagons approached each other, the plaintiff turned his horse to the right, as far as he could ge, out of the road. He then stopped his horse and stepped between the wheels of his wagon, getting as close to the wagon as possible. The defendant's team not turning out, at all, the whiffletree of his wagon caught in the plaintiff's overcoat, and the plaintiff was thrown upon the ground, and dragged along, receiving serious injuries. In an action for damages it was *held*;

1. That it was a proper case to submit to the jury the question whether the plaintiff was guilty of negligence. But that negligence on the part of the plaintiff was not sufficiently established to authorize the judge to charge that there was such negligence on his part, contributing to the injury.

2. That there was no error in the refusal of the judge to charge that the undisputed fact that at the time of the injury the plaintiff was standing in the open road, on the exposed side of his wagon, within reach of the whiffletree of the defendant's wagon, as it was passing without a driver, established negligence on the part of the plaintiff.

3. That the testimony being conflicting as to the degree of blame attaching to the plaintiff, the burden of proof was upon him to satisfy the jury that he was free from any negligence contributing to the injury; and that the judge erred in declining so to charge.

In cases involving mutual negligence, the question whether independent evidence is required, of the plaintiff, to establish that he was not guilty of negligence, must depend, greatly, upon the circumstances of each particular case. While in some cases the plaintiff must prove, affirmatively, that he did not contribute to the injury, in others the transaction itself, as presented by the evidence, establishes that he did not. *Per* MILLER, J.

A N action for personal injuries, resulting in a verdict for the plaintiff, and an order that the exceptions be heard at the general term in the first instance. The cause was tried at the Albany circuit, before Justice WRIGHT, in September, 1861. On the 2d of February, 1860, the plaintiff, who was a milk-man by occupation, was returning to his residence in Bethlehem, from the city of Albany, with a horse and a wagon loaded with slops from the distillery, when he met the defendant with a two horse wagon weighing about thir-

teen hundred pounds, loaded with two tons of ice. The wagons met about one-fourth of a mile from the bounds of the city, upon the Albany and Bethlehem turnpike road. The plaintiff was on foot, walking by the side of his wagon, holding the reins, and was traveling on a walk. He turned out to the right as far as he could get, out of the road, and as the wagons drew near together, discovering that they were coming close together, he stopped his horse and stepped between the wheels of his wagon, getting as close to the wagon as he could, touching it. A curb stone on the right prevented his turning off any farther in that direction, as he testified. The defendant's whiffletree caught in the plaintiff's overcoat, and he was drawn over the forward wheel, and the defendant's horses starting up quick, having no one in charge of the reins, he was thrown upon the ground, and dragged along until he was caught by the hind wheel of the defendant's wagon, which passed over the plaintiff's right elbow joint and left hand, breaking the bone of the first finger and smashing the joint of the hand, crushing also the bone of the left arm near the elbow joint. The defendant was informed that the plaintiff was injured, and requested to go for a doctor, to which he replied that he did not know where one lived. He was then requested to call at Bradt's, the first grocery, which he would pass, and leave word to have a doctor sent for, to which his only response was, that he did not know where Bradt lived. The plaintiff also received very serious internal injuries. He turned his horse to the right prior to the collision, about twice the width of his wagon, but the defendant's team kept directly on its course in the center of the road, not turning to the right at all. On the west of the curb stone the surface is uneven, and descends into the ditch with a deep descent, no part of the road outside of it ever being traveled, and the bank being steep enough to upset a loaded wagon. There was a space of ten feet on the east of the ice wagon, smooth and good traveling, with space enough for two wagons to pass between the ice wagon and the east bank of the road. The de-

Welling *v.* Judge.

fendant.testified that he threw his reins up on to the ice some time before the collision, and walked behind his wagon; the ice being so high above his head that he could not see ahead; and that he neither saw the plaintiff nor any part of the collision.

His honor the judge charged the jury, that the first question presented was whether the defendant was guilty of negligence resulting in the injury complained of; "it will be for you to determine whether or not, as is claimed on the part of the plaintiff, the act of the defendant in allowing his horses to proceed with a loaded wagon without a driver was an act of negligence. (To this portion of the charge the defendant's counsel excepted.) It is provided by statute that whenever any persons traveling with any carriages, shall meet on any turnpike road or public highway in this state, the persons so meeting shall seasonably turn their carriages to the right of the centre of the road so as to permit such carriages to pass without interference or interruption, under a penalty for neglect; and your attention should be directed to the evidence bearing upon the omission of the defendant to turn his horses to the right of the centre of the road. (To this portion of the charge the defendant's counsel excepted.) The next question for the jury to consider is whether the plaintiff was guilty of negligence, directly contributing to the injury; for unless the evidence proves that the injury resulted wholly from the negligence or wrongful acts of the defendant the plaintiff cannot recover. Whether the injury resulted from the negligence of the plaintiff exclusively, or from the concurring negligence of both is a fact for the jury. If the jury find that there was no negligence on the part of the plaintiff contributing to produce the injury he suffered, he is entitled to all the damages he has hitherto sustained, occasioned by the wrongful and negligent acts of the defendant. (To this portion of the charge the defendant's counsel excepted.) He is entitled, in case you find that the defendant is liable, to compensation for the pain and suffering he has endured, the

necessary medical expenses incurred in effecting a cure, the time lost, and any permanent personal injury he may have suffered by reason of the defendant's negligence." (To this portion of the charge the defendant's counsel excepted.)

The defendant's counsel requested the court to charge the jury, that upon the facts proved there was negligence on the part of the plaintiff which contributed to the injury. The court declined so to charge, but submitted the question to the jury as a question of fact for their determination, and the defendant's counsel excepted. The defendant's counsel requested the court to charge the jury that the undisputed fact that at the time of the injury the plaintiff was standing on the open road, on the exposed side of his wagon, within reach of the whiffletree of the defendant's wagon, as it was passing on a walk, and without a driver, established a negligence on his part. The court declined so to charge, and the defendant's counsel excepted. The defendant's counsel requested the court to charge the jury that the burden of proof was upon the plaintiff to satisfy the jury that he was free from any negligence contributing to the injury. The court declined so to charge, and the defendant's counsel excepted. The court added that if the plaintiff's negligence in any degree contributed to produce the injury complained of, the verdict should be for the defendant, and in determining that question the jury should look at all the facts and circumstances in the case.

The jury under the charge of the court found a verdict for the plaintiff for three thousand dollars damages.

*L. Tremain,* for the plaintiff. I. That the defendant's negligent and wrongful conduct caused the injury to the plaintiff, is a proposition which cannot be successfully or seriously controverted. (1.) On a public thoroughfare near the city, he drives his team, without having possession of the reins, and places himself in a position behind his load where he could not see teams approaching him, and remains there for a long distance, hearing and seeing nothing before him,

Welling *v.* Judge.

until his attention is arrested by the rattling of the wagons coming together. (2.) It is quite evident that if he had retained possession of the lines, he could and would, by turning a very little to the right, have avoided this collision; or even if the whiffletrees had caught the plaintiff's clothing, he could and would have immediately arrested the progress of his team, and thus have saved the plaintiff; while owing to the want of this care and attention, the plaintiff is dragged under a load of nearly three tons burden, which crushes his limbs and nearly destroys his life. (3.) Nor is his conduct less culpable if, according to the plaintiff's evidence, he jumps down from the steps when within five or six rods of the plaintiff's wagon, and then throws up his lines and plants himself behind his wagon, where he can see no one approaching, and is unable to comply with the law of the road. (4.) He wholly violates the general statute which made it his duty, on meeting the plaintiff's team, to turn seasonably to the right, so as to permit the plaintiff's wagon to pass without interference or interruption. (1 *R. S.* 695, § 1.) (5.) His whole conduct before, at and after the injury, and upon the trial, evinced an indifference and recklessness deserving of the most severe censure.

II. Nor did the judge err in refusing to charge, without qualification, as a matter of law, that the plaintiff was also guilty of negligence. (1.) Whether his conduct was negligent was a matter that peculiarly belonged to a jury to determine, and the fact that twelve men decided that his conduct was that of a man with ordinary prudence, should induce the court to be slow to hold that the contrary conclusion was so plainly the true one that a jury could not be trusted with such a question. (2.) The question whether the plaintiff saw the defendant on his steps and therefore had a right to act on the supposition that he was actually managing his team, the question whether it was possible for the plaintiff to turn still farther to the right without upsetting his load, and whether the buggy wagon was still further to his right and

passed on that side, were all material points entering into the question of the plaintiff's negligence. On all of these questions the evidence was conflicting. In such cases every judge who has been disposed to dispense with a jury, in ordinary cases, concedes that the case must be submitted to the jury. (13 *Barb.* 9. 25 *id.* 600. 27 *id.* 221, 528. 4 *N. Y. Rep.* 349. 18 *id.* 248.) (3.) But negligence in such a case is a question of fact to be determined by a jury. (23 *How.* 173. 14 *N. Y. Rep.* 310–312. 3 *Kern.* 526. 4 *Com.* 546. 30 *Penn.* 454. 2 *Cushing,* 539. 19 *Conn. R.* 566. *Angell,* §§ 7, 16. 27, 51, 184, 5. 3 *Kern.* 533. 15 *N. Y. Rep.* 380. 3 *Kern.* 129. 19 *Howard,* 214, 215, 216.) (4.) Assuming, however, that it was a question of law for the court, it is entirely clear that the plaintiff exercised ordinary care and prudence, which is all that the law exacted of him. (20 *N. Y. Rep.* 76. *Jones on Bail.* 21, 22. 19 *Conn.* 566, *and cases there cited.*) In determining this as a matter of law, the controverted facts must be taken as claimed by the plaintiff. The plaintiff with a loaded wagon sees the defendant approaching him at a distance of five or six rods, and immediately commences to turn to the right. He turns out to the curb stone, as far as wagons pass and beyond which it is unsafe to go. He has a right to suppose that the defendant will comply with his duty and the law, and he sees a plain smooth road to the right of the defendant, of ten feet. He is walking on the proper side of his wagon, with his lines in his hand. Finding the wagons approaching he stops his team, and as they are drawing nearer together he steps in between his wheels, as close to the side of his wagon as he can get. What else could he do? Should he abandon his team and run to the lower side of the wagon? His attention was properly directed to his own team, and he had not discovered that the defendant's team was practically without any driver. He had no right to assume that the defendant would blindly or stupidly violate the law, and neglect his duty, nor could he have discovered this with ordinary prudence until it was too late. (5.) Again; assume it was

negligence on both sides up to the first entanglement, if the defendant had then discharged his duty, he would have stopped his team and saved the plaintiff; the omission to do which was such negligence as made the defendant liable. (*Bernhardt* v. *R. and S. R. R. Co.,* 23 *How. Pr. Rep.* 171 to 173.)

III. The rule of damages was properly laid down at the circuit. (*Sedgwick on Dam.* 3d ed. *p.* 587, *note.* 10 *Barb.* 621. 15 *N. Y. Rep.* 415. 3 *E. D. Smith,* 518. 22 *Mo. R.* 344. 1 *Duer,* 233. 1 *Kern.* 416.)

IV. The refusal to charge as requested, touching the burden of proof, was correct. (1.) It was only calculated to mislead the jury, after they had been again and again instructed to look at all the facts and circumstances for evidence of negligence on the part of the plaintiff. (2.) It had been substantially covered by the charge, and in such case, counsel have no right to insist that the court shall adopt the phraseology of the counsel. If a judge deny one proposition and then affirm another which is identical with it, there is no ground for a new trial. (*Aeby* v. *Rapelye,* 1 *Hill,* 9.) Here the judge charged " that unless the *evidence proved* that the injury resulted *wholly* from the negligence or wrongful acts of the defendant, the plaintiff could not recover." This is equivalent to saying that the evidence must prove that the plaintiff's negligence did not contribute to the injury. (3.) The case is really barren of any evidence proving the want of ordinary care on the part of the plaintiff, and hence, any charge on that point would have been a mere abstraction. A "verdict will not be set aside for misdirection of the judge, if from the evidence it is apparent it could not have affected the result." (*Alston* v. *Jones,* 17 *Barb.* 276.) A misdirection from which a party receives no injury, is no ground for a new trial. (*Gardner* v. *Clark,* 17 *Barb.* 538.) (4.) But the charge as actually made is all that the defendant is entitled to in any such case, and is the true mode of presenting the question. The only case in this state which can be claimed

Welling *v.* Judge.

to favor this request is the case of *Button* v. *The Hudson River R. R. Co.*, (18 *N. Y. Rep.* 248,) but the case was not decided by the majority on any such point. Judge Denio said of it, " We were not sufficiently agreed to make it a lucid precedent." (20 *N. Y. Rep.* 71.) The cases cited in it by Judge Strong, are shown not to be in point or sound law in the above case in 20 N. Y. and also in the same case, 5 Duer 21, the reasons given in the latter case being strongly and ably presented. Finally, in the later case of *Johnson* v. *The Hudson River R. R. Co.*, (20 *N. Y. Rep.* 71,) the rule is shown to be as laid down in the case at bar, and the court holds " that it is not a rule of universal application that the plaintiff must prove affirmatively that his own conduct was prudent and cautious." (*Page* 69.) To have yielded to this request in this case, after the previous charge, would have done great injustice, by assuming that some affirmative proof of a negative, which could not be given, was necessary; in other words, that it was not enough to sustain every averment in the complaint, but you must go farther and show something not averred, and not required by good precedents.

*John K. Porter*, for the defendant. I. Upon the *undisputed* facts, there was negligence on the part of the plaintiff which contributed to the injury; and the instruction to that effect, requested by the defendant, should have been given to the jury. (1.) The variance in the testimony of witnesses on minor points, is wholly unimportant to *the main facts on which all agree*, showing that *both* parties were careless; and that *either* by the exercise of ordinary care and prudence could have averted the accident. (2.) Two loaded wagons were traveling the road *without a driver in either;* and for no earthly reason, except that the parties in charge chose to overload their wagons, or that they found the day so cold as to make it more convenient to walk than to ride. (3.) It was a straight, broad, open, level road, with ample width for four loaded wagons to pass abreast with ease and safety;

though not for the unusual case of drivers *on foot*, interposed between the wheels of the respective vehicles. (4.) The plaintiff had abundant time and space to avoid the exposure of his person to a wagon approaching him for twenty rods, in broad day light, on a walk, with no intervening obstruction, and nothing to prevent him from going before his horse; from falling behind his wagon; from getting into it; or walking to the right of it. (5.) *No collision occurred between the wagons;* and if it was careless for the defendant to walk behind the ice wagon, it was still more careless for the plaintiff to expose his person by walking or standing between two meeting wagons, *in contact* with the wheels and box of one, and within reach of the whiffletrees of the other. (6.) If the act of walking or standing there until struck was negligence, *it clearly and directly contributed to the injury;* and these facts being undisputed, the defendant had a right to have the jury instructed according to their legal effect. (7.) The defendant was careless; but when the plaintiff, by his own careless and voluntary act, incurred needless peril and exposure, which he had time and opportunity to avoid, he took upon himself the risk of accident.

II. It is settled by all the authorities, that a voluntary act or omission of a party, which contributes to an injury resulting from another's negligence, if it might have been avoided by ordinary care and prudence, is a flat, legal bar to the action. (1.) Thus, in the case of *Wilds* v. *Hudson River R. R. Co.*, (24 *N. Y. Rep.* 430,) the latest case on this subject in the court of appeals—the judgment upon verdict, which had been affirmed in the supreme court, was reversed, and in speaking of the inattention of the plaintiff in crossing a rail road track, the court say: "To be sure, the statute requires a rail road company to give specified warning, but it neither takes away a man's senses, nor excuses him from using them. (18 *N. Y. Rep.* 425, 426.) The danger may be there—the precaution is simple. To stop, to pause, is certainly safe. His time to do so is before he puts himself

on *the very road of casualty.* And if he fails to do so, it is of no consequence in the eye of the law, whether he merely misjudges or is obstinately reckless. His act is not *careful,* and he is to abide the consequences, and not the company, under or into whose train he sees fit to run—whether he did so in inexcusable ignorance, or in the belief that he could run the gauntlet unharmed." (23 *How. Pr. R.* 492, 503. 24 *N. Y. Rep.* 432, 440.) In that case, the court of appeals cite and approve the rule as applied in 29 *Conn. Rep.* 208, on setting aside a verdict in favor of a careless plaintiff : "The rule that the party injured *must have acted with ordinary prudence,* is a stern, unbending rule, which has been settled by a long series of adjudged cases, and must be considered as well settled law." (23 *How. Pr. R.* 496.) Thus, too, in the case of *Steves* v. *Oswego.R. R. Co.,* cited and reaffirmed at the last March term, where a nonsuit on the ground of the plaintiff's negligence was sustained, the court say : "That the plaintiff should have entirely *omitted to look,* was the extreme of carelessness. Such carelessness is entirely inconsistent with a right to recover damages founded upon the negligence of the defendants. The plaintiff is himself the author of his own injury." (18 *N. Y. Rep.* 412. 23 *How. Pr. R.* 502. 24 *N. Y. Rep.* 439.) So, too, in *Griffin* v. *Mayor of New York* the court sustained a nonsuit, and say of the plaintiff : "If the street was so obstructed from any cause, that two vehicles could not pass each other at that point, he should, *in the exercise of that care and caution which is required from every one,* have waited until the way was clear. In attempting to pass another carriage at that place in daylight, with the nature and extent of the encroachments upon the street *fully visible,* by driving over the obstruction, he did so *at his peril.* The defendant should not be held responsible for his want of judgment or recklessness." (5 *Seld.* 460.) See also remarks of the court in *Munger* v. *Tonawanda R. R. Co.,* (4 *N. Y. Rep.* 349, 358,) where cattle of the plaintiff, had through his carelessness

Welling *v.* Judge.

been killed, while straying upon the road. "No matter how gross or evident the negligence of the driver of a vehicle, if another by his own negligence exposes himself to injury from the vehicle, he has no remedy." (*Mangam* v. *Brooklyn R. R. Co.*, 36 *Barb.* 230.) So a nonsuit was sustained, where a plaintiff crossed a rail road track in Rochester, where he looked in one direction to avoid a passing train, but omitted to look in the opposite direction, from which another was approaching, by which he was injured through the negligence of the company. (*Bieseigal* v. *N. Y. Central R. R. Co.*, 33 *Barb.* 429.) So held, where a traveler on the highway drove across an intersecting railway on a trot, without looking out for an approaching train, though the defendants violated the law by not ringing the bell. The judgment for the plaintiff was reversed. *Held further,* "When the *direct fact* in issue is established by undisputed evidence, and such fact is decisive of the cause, *a question of law is raised, and the court should decide it.* The jury have no duty to perform. The issue of *negligence* comes within this rule." (*Dascomb* v. *Buffalo R. R. Co.*, 27 *Barb.* 222.) When danger is to be apprehended, and may *by ordinary observation and prudence be discovered and avoided,* a party shall not recklessly *or heedlessly* expose himself to it, and throw the consequences upon another, who may have been equally negligent. When an injury has been sustained, and both parties are in fault in respect to it, and no *design* is imputable to the defendant, the true test of his liability is: could the injury have been *avoided* by ordinary care on the plaintiff's part? *If it could, he must bear it.* He cannot avail himself of the other party's negligence." (*Brooks* v. *Buff. and Niagara Falls R. R. Co.*, 25 *Barb.* 600.)

III. The court plainly erred, in view of the circumstances disclosed in the evidence, in declining to instruct the jury that the undisputed fact that at the time of the injury the plaintiff was standing on the open road—on the exposed side of his wagon—within reach of the whiffletree of the

defendant's wagon—as it was passing on a walk, and with-out a driver, established negligence on his part. (1.) It will be observed that this proposition differed from the first, in *omitting* to ask the judge to withdraw from the jury, the question whether such negligence contributed to the injury. (2.) That these facts constituted *negligence,* is clear from all the cases; and if it did, the defendant was entitled to the instruction. (3.) As it was, the evidence was thrown in mass into the jury box, without instructions even as to the legal effect of undisputed facts, directly controlling a mate-rial branch of the issue.

IV. The court erred in declining to instruct the jury that the *burden of proof* was upon the plaintiff to satisfy them that he was free from any negligence contributing to the injury. (1.) The proposition had no relation to the *mode* of proof—none to the question whether it was elicited from the testimony of the witnesses on one side or the other; none to the question whether it should be direct and specific, or deducible from the circumstances of the case—but simply, and in clear, exact legal terms, to the rule requiring from the party holding the affirmative of a particular issue to sat-isfy the jury on that issue by a *preponderance* of proof. (2.) The subsequent instruction given by the court had no relation to the proposition. The request was to instruct the jury as to the rule of weighing evidence in *ascertaining* the fact. The instruction was as to *the effect of the fact,* when ascertained. The further instruction, that in determining the question they were to look at *all* the facts and circum-stances in the case, had nothing to do with the question, *which party held the burden of proof,* and was equally ap-plicable, whether the *onus* was upon the plaintiff or the de-fendant. " In an action for negligence *the burden is upon the plaintiff to prove affirmatively* that he is guiltless of any negligence contributing to the injury. Such negligence is not to be presumed, and therefore direct evidence to disprove it, is not required from the plaintiff in the first instance; but

where there is conflicting testimony as to the fact, *the pre-ponderance must be with the plaintiff* to enable him to recover." (*Button* v. *Hud. Riv. R. R. Co.*, 18 *N. Y. Rep.* 248.) " In an action by the administrator of a deceased person, to recover damages for the negligence of the defendant, whereby the intestate was deprived of his life—to entitle the plaintiff to recover, it must appear *affirmatively* that the accident resulted *wholly* from the negligence of the defendant, and *that the negligence and improvidence* of the intestate did not contribute to bring it about." (*Lehman* v. *City of Brooklyn,* 29 *Barb.* 234.)   " In order to entitle the plaintiff to a verdict, *he was bound to show affirmatively,* not only the culpable negligence of the town, but also *that the decedent herself* conducted with ordinary prudence and discretion. (*Fox, adm'r,* v. *Town of Glastenbury,* 29 *Conn. Rep.* 209.)   In a case where an express messenger was thrown off a train by sudden starting, it was held, that in accordance with the general rule, *the plaintiff must first show* that he was guilty of no negligence. (*Chamberlain* v. *Milwaukee R. R. Co.,* 7 *Wisc. Rep.* 425.)   " In an action on the case for an injury to the plaintiff, alleged to have been occasioned by the defendant's negligence in driving on the highway, the *burden of proof* is on the plaintiff, *not only* to show negligence and misconduct on the part of the defendant, but ordinary care and diligence on his own part." (*Lane* v. *Crombie,* 12 *Pick.* 177.   *Adams* v. *Carlisle,* 21 *id.* 146.)   " Two things must *concur to support this action*—an obstruction in the road by the fault of the defendant—and *no want of ordinary care to avoid it* on the part of the plaintiff." (*Butterfield* v. *Forrester* [*Lord Ellenborough*] 11 *East,* 60.)   " It was equally necessary *for the plaintiff to establish the proposition,* that he himself was without negligence and without fault.   This is a stern and unbending rule, which has been settled by a long series of adjudged cases, which we cannot overrule if we would." *Spencer* v. *Utica and Sch. R. R. Co.* 5 *Barb.* 338.)

In this case the court say : " We consider the rule to be

now well settled, that to enable a plaintiff to recover under such circumstances he must not only show gross negligence and misconduct on the part of the defendant, but ordinary care and diligence on his part."

The court charged that the burden of proof was on the defendants to show that the plaintiff had not used ordinary care. It was held that the burden of proof was on the plaintiff to show that the action was not occasioned by his own negligence in placing himself in a hazardous position, without due precaution. See also *Adams* v. *Carlisle*, (21 *Pick.* 146,) where this doctrine is affirmed.

MILLER, J. It is insisted on behalf of the defendant that the judge erred upon the trial :

1. In refusing to charge that upon the facts proved there was negligence on the part of the plaintiff which contributed to the injury.

2. In declining to charge that the undisputed fact that at the time of the injury the plaintiff was standing in the open road on the exposed side of his wagon, within reach of the whiffletree of the defendant's wagon as it was passing on a walk and without a driver, establishes negligence on his part.

3. In declining to charge that the burden of proof was upon the plaintiff to satisfy the jury that he was free from any negligence contributing to the injury.

*First.* The soundness of the position taken by the defendant's counsel, that upon the undisputed facts there was negligence on the part of the plaintiff, depends, I think, upon the question whether the plaintiff carelessly took a position immediately prior to the injury which he might have avoided by the exercise of ordinary care and prudence. It is true, doubtless, that he might have gone in front of his horse ; behind his wagon ; got into it ; or gone to the right side of the wagon ; if he had not reason to suppose and believe that he was entirely safe, in the position he actually did take. Was the plaintiff responsible for this error of judgment (if it can

Welling *v.* Judge.

fairly be claimed that it was such,) so as to be liable to the charge of negligence on his part? There is a conflict in the evidence as to whether the plaintiff saw the defendant, and perhaps as to the fact whether the plaintiff turned off as far to the right as he could have done. If he did see the defendant and believed that he had charge of and was driving his team, then he had certainly a right to act upon the presumption that ordinary care would be exercised to prevent a collision, and was not required to make use of that extraordinary degree of care which would appear to be essential had the defendant's team been alone and unattended. The same remark is applicable, if the plaintiff turned out to the right to the utmost extent which he was capable of doing, in order to enable the defendant to pass his team without accident. As the evidence was somewhat conflicting upon one or both of these points, it is not entirely clear that the plaintiff was chargeable with an error of judgment and was guilty of negligence. Certainly if the actual situation of the parties was made doubtful and uncertain by the testimony, it was proper to submit that question to the jury, as was substantially done by the judge in his charge.

The court of appeals, in a late case, (*Wilds* v. *The Hudson River Rail Road Company*, 24 *N. Y. Rep.* 430,) decided that in cases of negligence it is the duty of the judge to nonsuit where a verdict for the plaintiff would be clearly against the weight of the evidence. The case holds that one driving on a highway crossing a rail road is guilty of negligence if he does so without looking out for a train which he would have seen, or listening for signals of its appearance, which he would have heard in time to avoid a collision. That a person should pause, and if he fails to do so it is of no consequence in the eye of the law whether he merely misjudges or is obstinately reckless. The act is not careful. See also upon the same point, *Steves* v. *The Oswego R. R. Co.*, (18 *N. Y. Rep.* 422;) *Griffin* v. *Mayor of New York*, (5 *Seld.* 456;) *Munger* v. *Tonawanda R. R. Co.*, (4 *Comst.* 349;) *Mangam* v.

*Brooklyn R. R. Co.*, (36 *Barb.* 230;) *Bieseigal* v. *N. Y. C. R. R. Co.*, (33 *id.* 429;) *Dascomb* v. *Buffalo and State Line R. R. Co.*, (27 *id.* 222;) *Brooks* v. *Buffalo and Niag. Falls R. R. Co.*, (25 *id.* 600.)

The case in 24 *N. Y. Rep.* 430, above cited, is clearly distinguishable from the one at bar. There is a wide and palpable difference between running into the very midst of danger and perhaps into the jaws of certain death, with obstinate recklessness or great heedlessness, at least with a chance of being seriously injured, and taking the steps which a prudent and discreet man would deem necessary to free himself from harm. It cannot be said in the present case that a verdict for the plaintiff would be clearly against the weight of the evidence. Nor can it be fairly insisted that the undisputed facts establish that the plaintiff under all the circumstances selected an unsuitable and an improper place, so as to be chargeable with negligence. As the evidence stands I am not prepared to say that negligence is sufficiently established on the part of the plaintiff so as to authorize the judge to charge the jury to that effect.

*Second.* The second proposition to charge the jury differed from the first in omitting to ask the judge to withdraw from the jury the question whether the fact that at the time of the injury the plaintiff was standing in the open road in an exposed position established negligence on the part of the plaintiff. In effect it was a request to the judge to instruct the jury that the plaintiff was guilty of negligence. The judge had already submitted to the jury as a question of fact for their determination, whether there was negligence on the part of the plaintiff which contributed to the injury; and the immediate and direct consequence of the instruction required would have been to dispose of the case adversely to the plaintiff. I have already examined the question whether the facts proved constituted a case of negligence on the part of the plaintiff, so as to justify the court in charging the jury to that effect; and what has been said is equally applicable to the

point now considered. It is by no means clear that these facts constituted negligence on the part of the plaintiff, and with the views already expressed I discover no error in the refusal of the judge to charge as requested, upon this branch of the case.

*Third.* The next point taken by the defendant's counsel is one of considerable doubt and difficulty. The extent to which the court of appeals has gone in recent decisions, in cases involving questions of mutual negligence, furnishes strong reasons for upholding the doctrine contended for. It therefore becomes important to examine the cases in which adjudications have been made bearing upon the question now presented.

The principal case relied on, in this state, to sustain the principle insisted upon, is that of *Button* v. *the Hudson River R. R. Co.,* (18 *N. Y. Rep.* 248.) In that case the defendant's counsel requested the court to charge the jury that the plaintiff, in order to recover, must establish affirmatively that the deceased was not guilty of negligence. The judge refused so to charge, and the defendant excepted. Strong, J. in his opinion, holds that this was erroneous, and the marginal note of the case lays down the general doctrine that " In an action for negligence the burden is upon the plaintiff to prove affirmatively that he is guiltless of any negligence proximately contributing to the result." Harris, J. also wrote an opinion in the case, placing his conclusion upon different grounds than those taken by Justice Strong. All the judges concurred in the result of these opinions, and for the most part upon the grounds stated in both of them.

In a subsequent case, (*Johnson* v. *The Hudson River Rail Road Company*, 20 *N. Y. Rep.* 65,) a similar question was discussed, although the point was not distinctly made as to the burden of proof. The doctrine is laid down by Denio, J. that the rule is not universal that the plaintiff must prove affirmatively that his own conduct on the occasion of the injury was cautious and prudent, and that the

*onus probandi* depends upon the position of the affair as it stands upon the undisputed facts. The learned judge also arrives at the conclusion that the absence of fault may be inferred from the general evidence in the case; and says in reference to the case of *Button* v. *The Hudson River R. R. Co.*, (18 *N. Y. Rep.* 248,) before cited, that in the decision of it " we were not sufficiently agreed to make it a lucid precedent." He also says, " It is not absolutely essential that the plaintiff should give any affirmative proof touching his own conduct on the occasion of the accident. The character of the defendant's delinquency may be such as to prove *prima facie* the whole issue; or the case may be such as to make it necessary for the plaintiff to show by independent evidence that he did not bring the misfortune upon himself."

It would appear from the doctrine here laid down that in cases involving mutual negligence, the question whether independent evidence is required of the plaintiff, to establish that he was not guilty of negligence, must depend greatly upon the circumstances of each particular case. While in some cases the plaintiff must prove affirmatively that he did not contribute to the injury, in others the transaction itself as presented by the evidence establishes that he did not.

In a still later case, in the Court of Appeals, (*Ernst* v. *Hudson River R. R. Co.*, 24 *How.* 97,) Smith, J. says: " A party suing for negligence must come into court faultless. He must not present a mere balanced case. The burden of proof is upon him, and he must satisfy the court, by the greater weight of the testimony, that without any carelessness or blame on his part, he has suffered an injury from the wrongful act, default or negligence of the defendant." The general rule is doubtless correct that the affirmative of the issue, or the burden of proof, is upon the plaintiff in this class of cases. Nor is this rule inconsistent with the proposition that the facts and circumstances established in the case, or fairly inferable, may supply the necessary evidence without other affirmative

Welling *v.* Judge.

and positive evidence establishing directly absence of negligence on the part of the plaintiff.

In the case at bar the evidence upon the question of negligence was somewhat conflicting. It appeared that the plaintiff might have got out of the reach of the fatal collision which produced such serious consequences. As I have already shown, it was proper to submit to the jury the question whether the plaintiff was guilty of negligence. It was not a case where the conduct of the plaintiff, or the position of the affair was such as to establish by undisputed facts that the plaintiff was free from blame. Nor was it clear that the delinquency of the defendant was of that character which made out the whole issue *prima facie*. Can it in fact be said in any case where it is doubtful whether the plaintiff had used proper precaution to free himself from threatened danger—where at least there is a conflict in the testimony as to the blame attaching to the plaintiff—that he is relieved from the burden of proof?

While the question is not entirely free from difficulty, yet applying the principle established in 20 *N. Y. Rep.* to the facts and circumstances of the case at bar as presented by the evidence, I am of the opinion that the burden of proof was upon the plaintiff to satisfy the jury that he was free from any negligence contributing to the injury.

It will be noticed that the proposition made by the defendant's counsel did not require that the plaintiff should establish by independent evidence that he was not guilty of negligence. It had no relation whatsoever to the mode of proof, or its character. It simply asked the judge to lay down the rule that the affirmative of the issue as to the burden of proof, upon the question of negligence on the part of the plaintiff, was upon the plaintiff, and that he must satisfy the jury on this point before he could recover.

It is said that the request was substantially covered by the charge and the subsequent instructions. I do not think that either of them embraced the proposition. They related mainly

to the *effect* of the plaintiff's negligence in producing or contributing to the injury. Nor did the directions that in determining the question as to the plaintiff's negligence the jury should look at all the facts and circumstances, dispose of the potnt.

The request related to the rule to be adopted in weighing the evidence in arriving at a conclusion in regard to the plaintiff's negligence. The jury had received no instructions upon this point; and in a case nicely balanced as this was, where they might be hesitating upon the question as to the weight of the evidence as to the plaintiff's negligence, they may very easily have been misled by the charge made. They may possibly have inferred that the burden of proof was upon the defendant to make out negligence on the part of the plaintiff. They may perhaps have drawn such an inference from the very fact that the judge refused to charge that the burden of proof was upon the plaintiff. The judge had not distinctly charged the proposition requested, in the previous part of his charge. If he had done so he should have refused the request upon *that ground,* lest the jury should have been misled by an *unqualified* refusal. If the judge had charged in conformity with the request made, it will scarcly be denied by any one that he would have charged the law correctly. I think the judge should have charged as requested; that he erred in refusing to do so ; and for this error a new trial should be granted, with costs to abide the event.

HOGEBOOM, J. concurred.

PECKHAM, J. expressed no opinion.

New trial granted.

[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller,* Justices.]