MARGARET BUTTON, Administratrix, *v.* THE HUDSON RIVER RAILROAD COMPANY.

In an action for negligence, the burden is upon the plaintiff to prove affirmatively that he is guiltless of any negligence proximately contributing to the injury.

Such negligence is not to be presumed, and therefore direct evidence to disprove it is not required from the plaintiff in the first instance; but where there is conflicting testimony as to the fact, the preponderance must be with the plaintiff to enable him to recover.

Where the negligence on the part of the plaintiff, if any existed, was at the very time the injury was incurred, it is error, as misleading the jury, to charge that in order to exempt the defendant, the negligence of the plaintiff must have *directly* contributed to the injury.

APPEAL from the Superior Court of New York city. Action by the administratrix and widow of Thomas Button for damages for the death of her husband, who was run over and killed by the horse cars of the defendant passing down West-street, in the city of New York, at 11 o'clock of the night of November 13, 1853. Upon the trial, before Mr. Justice SLOSSON, it was proved that Button, the intestate, had been drinking at one or more dram shops during the evening previous to the accident; about five minutes after he left one of them, which was in West-street and near the track of the defendant's road, the cars passed and he was killed. His body was found lying straight across the track, the head upon one rail and the legs across the other. The driver of the car which ran over Button testified that he was driving at the rate of four miles an hour; that he could see the leading horses and could have seen a man if standing upon the track; that at the place where the accident took place the leading horses suddenly jumped sideways from the track, and seeing something upon the track the driver applied the brakes, but before he could arrest the car it had passed over the deceased. There was

Button *v*. The Hudson River Railroad Company.

some evidence tending to show that the car was driven at a higher speed than four miles an hour.

The judge charged the jury that if there was negligence on the part of the deceased which directly contributed in any degree to bring about the catastrophe, then, although the defendant might have been also guilty of negligence, the verdict must be for the defendant. The defendant is liable only in case the catastrophe was brought about by its own culpable negligence, and without any negligence on the part of the deceased directly contributing to it. The defendant excepted to the use of the word "directly" in this part of the charge. The judge also charged that if the deceased, strolling there while in a state of intoxication, laid down before the cars, or tumbled down unable to support himself from intoxication, then it was his negligence to which the disaster must be attributed and the defendant must go quit, if the driver did not see him or see in time to avoid him. The defendant requested the judge to charge that if the deceased was under the influence of intoxicating liquor, and while in that condition got upon the track, and when there was incapable of hearing the approach of the car, or if he was incapable, from any cause, of getting out of the way of the car with ordinary facility, then the deceased was guilty of negligence and the plaintiff cannot recover. The judge refused to charge otherwise than as before stated, and the defendant took an exception. The defendant further requested the judge to charge that the plaintiff, in order to recover, must establish affirmatively that the deceased was not guilty of negligence. The judge refused so to charge and the defendant took an exception. Other portions of the charge are stated in the following opinion of HARRIS, J. The jury found a verdict for the plaintiff, and, in answer to questions submitted to them, found specially: 1. That the death of Button was caused by the negligence of the defendant's servants; 2. That there was no negligence on the part of Button which directly contributed to the accident. The

judgment entered on the verdict was, on appeal, affirmed at general term and the defendant appealed to this court.

*Charles O'Conor*, for the appellant.

*Jonas B. Phillips*, for the respondent.

STRONG, J.  Two points are made for the appellants: First, that the justice, at the trial, erred in instructing the jury, in substance, that negligence of the intestate, to prevent a recovery, must have directly contributed to the injury; and, second, that the justice erred in refusing to charge that it belonged to the plaintiff, in order to maintain the action, to establish affirmatively that the intestate was not guilty of negligence.

In regard to the first point, if there was any negligence on the part of the intestate which contributed to the injury, it consisted of imprudently entering or remaining on the track of the defendants' road, and exposing himself to be crushed and killed by a passing car, as actually happened. Upon the evidence, there is nothing else in the case in respect to which negligence by the intestate, tending to the injury, can be imputed.  And assuming that such was the negligence, its influence towards the result was wholly direct; nothing in any way affecting it intervening between them. It was a proximate cause of the consequence which followed. whether, therefore, as a general proposition applicable to all cases of actions for injuries from negligence, the negligence of the party injured, to preclude a recovery, must have directly contributed to the injury, be sound or not, it would seem to be free from objection as applied to the present case. The use or omission of the word "directly," in stating the doctrine to the jury in this case, if the jury possessed ordinary intelligence, which must be supposed, could not make any practical difference ; the negligence of the intestate, if any, could not have operated as a cause of the result otherwise than directly.

The other point presents the question, upon whom was the burden of proof, in reference to negligence of the intestate conducing to the injury — whether it belonged to the plaintiff to prove affirmatively the absence, or to the defendants to prove affirmatively the presence, of such negligence.

In regard to all the circumstances essential to the cause of action the plaintiff held and was required to sustain the affirmative. Among those circumstances were, that the defendants were negligent, and that the injury resulted from that negligence. If the intestate was negligent, and his negligence concurred with that of the defendants in producing the injury, the plaintiff had no cause of action. The reason why no right of action would exist is, that both the intestate and the defendants being guilty of negligence, they were the common authors of what immediately flowed from it, and it was not a consequence of the negligence of either. The court cannot accurately, and will not undertake to, discriminate between them as to the extent of the negligence of each and the share of the result produced by each; neither, therefore, could allege against the other any wrong, and without a wrong there can be no legal injury. In this view, the exercise of due care by the intestate was an element of the cause of action. Without proof of it, it would not appear that the negligence of the defendants caused the injury.

The cases on this point lead to the same conclusion. In *Butterfield* v. *Forrester* (11 *East*, 60), which was an action for an injury from an obstruction in a street, Lord ELLENBOROUGH said: "Two things must concur to support this action — an obstruction in the road, by the fault of the defendant, and no want of ordinary care to avoid it, on the part of the plaintiff." In *Harlow* v. *Humiston* (6 *Cow.*, 189) a similar case, SAVAGE, Ch. J., said: "Negligence by the defendant, and ordinary care by the plaintiff, are necessary to sustain the action." The same doctrine is stated in *Rathbun* v. *Payne* (19 *Wend.*, 399); see also *Bush* v. *Brainard* (1 *Cow.*, 78); *Hartfield* v. *Roper* (21 *Wend.*, 615), *Brown*

v. *Maxwell* (6 *Hill*, 592), and *Spencer* v. *The Utica Railroad Company* (5 *Barb.*, 337). In *Holbrook and wife* v. *The Utica and Schenectady Railroad Company* (2 *Kern.*, 236), the plaintiffs sued for an injury to the wife, while a passenger on the defendants' cars, and the question arose, whether the plaintiffs must prove negligence of the defendants, in addition to the fact of the injury; and it was held that the onus as to negligence, and that the injury complained of was caused by the negligence, was on the plaintiffs. In Massachusetts, it has been adjudged in several cases that in an action for an injury from negligence, the plaintiff must not only prove negligence, but ordinary care on his own part. (*Smith* v. *Smith*, 2 *Pick.*, 621; *Lane* v. *Crombie*, 12 *id.*, 177; *Adams* v. *Carlisle*, 21 *id.*, 146; *Parker* v. *Adams*, 12 *Metc.*, 415.) In Maine and New Jersey the same rule prevails. (*Kennard* v. *Burton*, 25 *Maine*, 49; *Moore* v. *The Central Railroad Company*, 4 *Zabriskie*, 284.) The English decisions are to the same effect. (*Lynch* v. *Nurdin*, 1 *Ad. & El. N. S.*, 35; *Clayards* v. *Dethick*, 12 *id.*, 439, 447; *Gough* v. *Bryan*, 2 *Mees. & Wells.*, 773; *Bridge* v. *The Grand Junction Railroad Company*, 3 *id.*, 247, 248; *Martin* v. *The Great Northern Railroad Company*, 30 *Eng. Law and Eq. R.*, 473.)

It must not be understood that it was incumbent on the plaintiff, in the first instance, to give evidence for the direct and special object of establishing the observance of due care by the intestate; it would be enough if the proof introduced of the negligence of the defendants and the circumstances of the injury, *prima facie*, established that the injury was occasioned by the negligence of the defendants; as such evidence would exclude the idea of a want of due care by the intestate aiding to the result. Ordinarily, in similar actions, when there has been no fault on the part of the plaintiff, it will sufficiently appear in showing the fault of the defendant, and that it was a cause of the injury; and when it does so, no further evidence on the subject is necessary. The fact must appear in some way, but in what

Button *v.* The Hudson River Railroad Company.

particular mode is unimportant. The evidence of it may be direct and positive or only circumstantial. Whatever the nature of the evidence, if there is any conflict as to the fact, there must be a preponderance of proof in support of it, or the action must fail.

In cases like the present, it is often of great practical importance that the jury be properly instructed as to the burden of proof, in respect to the care required of the plaintiff to entitle him to recover. The party holding it must do more than make a balanced case on that point. The scales must ultimately turn in his favor. In the present case it is quite clear that the error in the instruction on that subject was a material one, for which there should be a new trial.

In my opinion, the judgment should be reversed and a new trial granted, with costs to abide the event.

HARRIS, J. The verdict of the jury was clearly against evidence, even as the law was given to them by the judge who presided at the trial. The deceased, when first seen after he left Lyming's oyster saloon, was lying directly across the track, with his head on one rail and his feet on the other. How he came there, or how long he had been there, no witness was able to state. All that was proved was, that he had been drinking at the oyster saloon, and had left there but a few minutes before he was found in this position. In view of this state of facts, the jury were told, very properly, that if the deceased, strolling there while in a state of intoxication, had laid himself down before the cars, or had tumbled down, unable to support himself from intoxication, then, unquestionably, it was his negligence to which the disaster was to be attributed; and, if the driver did not see him in time to avoid him, the defendants were not liable. This part of the charge was unobjectionable. If it was his own fault that he was lying on the track in the position in which he was first discovered, and he was not seen in time to stop the car before it reached him, then the deceased

was himself the cause of his own death, and the defendants were blameless. The testimony warranted no other finding.

But then the judge proceeded to open before the minds of the jury a field of conjecture. / He stated that the deeased had a right to be where he was found, and the question for the jury was, whether he was there through any fault of his own, or whether he was passing over and was knocked down by the cars; that if he was passing prudently and properly across the track, and was run over by the cars, and the defendants had omitted the use of such precautions and care as, if used, would have prevented the disaster, the plaintiff was entitled to a verdict. This part of the charge was erroneous. The testimony presented no such question. The deceased was found lying on the track. It was not the defendants' fault that he was there. All that the court was called upon to do was, to instruct the jury as to the rule of law applicable to the case as it was presented by the testimony. But to this part of the charge, though erroneous, there seems to have been no exception.

In another part of the charge the jury were told that the defendants were only liable in case the catastrophe was brought about by their own culpable negligence, and without any negligence on the part of the deceased "directly contributing to produce the catastrophe." To the use of the word "directly," there was an exception. The difficulty with this part of the charge is, that it leaves the question vague and indefinite. What were the jury to understand by negligence *directly* contributing to produce the catastrophe? The same form of expression pervades the entire charge. The fact that the deceased was found lying on the track was uncontroverted. There was no evidence to show that it was any fault of the defendants that he was there. It should have been assumed, nothing appearing to the contrary, that it was his own fault. Why, then, ask the jury to say whether "there was any negligence upon the part of the deceased which *directly* contributed

Button v. The Hudson River Railroad Company.

to the accident?" There was no such question in the case. The deceased was found lying on the track. This fact was as much the proximate and immediate cause of his death as the fact that the defendants' cars passed over his body. The death was the combined result of both causes. The jury should have been instructed that, this being the case, the only question for them to decide was whether, by the exercise of reasonable care and prudence, after the deceased was discovered, the driver might have saved his life.

A case quite analogous in principle is found in *Dowell* v. *The Steam Navigation Company* (5 *Ellis & Bain.*, 195). In that case, there had been a collision between two vessels. The plaintiff's was a sailing vessel and the defendant's vessel a steamer. The collision had taken place at the mouth of the Thames, at night. The plaintiff's vessel had exhibited a light, but had withdrawn it two or three minutes before the collision. The plaintiff's vessel was not seen by those on board the steamer until within two or three lengths of it. It was then impossible to avoid the collision. The jury found, on the one hand, that the sailing vessel was at fault in not continuing the light until the danger was past; and, on the other, that the steamer was going at too great speed for so dark a night. They also said they were much inclined to think the preponderance of blame was with the steamer. It was held, upon very full consideration, that the finding of these facts amounted to a verdict for the defendant. Lord CAMPBELL, in delivering the judgment of the court, said that the jury must be taken to have found that the fault of the vessel, in not showing a light, led to the collision. He adds: "If this was a proximate cause of the collision, however much the steamer might be in fault, the action cannot be maintained." In that case, the fault of the plaintiff's vessel consisted in lying in an exposed condition all night without adopting the reasonable precaution of exhibiting a light. In this case, the fault of the deceased consisted in his placing himself directly across the railroad track, a position of the

greatest possible danger. If the omission to show the light in the one case must be taken to have led to the accident, how much more must the perilous position of the deceased in the other case.

I think the true rule in such case was laid down by the judge, who tried the case last cited, in his instructions to the jury. He told them that, "if there was negligence on the part of the plaintiff, as well as on the part of the defendant, which led to the collision, the plaintiff could not recover if the defendant could not have avoided the accident by reasonable care and skill; and that even supposing there had been negligence on the part of the plaintiff's vessel, still, if the steamer could, by ordinary care and skill, have avoided the collision, the defendant would have been answerable." The fact that a man was on the wrong side of the road does not necessarily constitute a defence in an action against another by whom he was run over; but if his being there was the immediate cause of the accident, it is a defence, even though the person by whom the injury was committed was himself at fault. One man cannot, by his own negligence, cast upon another the necessity of extraordinary care. Lord CAMPBELL, in noticing the fact found by the jury, in *Dowell* v. *The Steam Navigation Company*, that "the preponderance of blame was with the steamer," said: "The jury think there was blame on both sides, by which the accident was occasioned, and this being so, it is immaterial, with regard to the verdict, whether the preponderance of blame was with the steamer or the other vessel."

The whole subject of mutual negligence is exceedingly well considered in *Trow* v. *The Vermont Central Railroad Company* (24 *Verm.*, 487). In that case the plaintiff had unlawfully turned his horse upon the highway. The defendants had unlawfully allowed their railroad track to remain uninclosed. The horse, being upon the track of the defendants' road, was run over and killed by the defendants'

Button *v.* The Hudson River Railroad Company.

engine.   There was no evidence of any negligence in the manner of conducting the engine at the time of the accident.   It was held to be a case of mutual negligence, and that no action would lie.   In considering the questio whether an action can be sustained, when the negligence of the plaintiff and the defendant has mutually coöperated in producing the injury, the following principles are stated.   I think they are well established by authority.   (1.) When the negligence of each party is the *proximate* cause of the injury, no action can be sustained.   The term "proximate" is used as distinguished from "remote."   It refers to negligence occurring at the time of the injury.   No matter on which side the preponderance of blame lies, if both are at fault at the time of the injury, neither can sustain an action.   *Hawkins* v. *Cooper* (8 *Carr. & P.*, 473) is an apt illustration of this rule.   In that case the plaintiff had been run over in the street, by the defendant's horse and cart, and injured. Upon the trial, TINDAL, Ch. J., said to the jury : "You will determine for yourselves whether the injury was attributable to the negligence, carelessness and improper mode of driving of the defendant's servant.   If you think it was attributable to that, *and to that alone,* you will find your verdict for the plaintiff.   But if you think it was occasioned, *in any degree,* by the improper conduct of the plaintiff herself in crossing in so incautious and improper a manner, in such case the defendant will be entitled to your verdict."   A similar case was tried before Mr. Justice COLERIDGE, about the same time.   A female, just as she was stepping off the curbstone to cross a street, in the evening, was struck and knocked down by a cabriolet which was being driven, as the judge said, at a most improper pace for the time and place.   The jury were told that if the plaintiff took proper and reasonable care, and it was on account of the extraordinary speed of the cabriolet that she could not save herself, and thus met with the accident, she was entitled to their verdict.   But if she, by her own negligence and want of

care, *contributed* to the accident, she could not recover, even though they should. think the driver of the cabriolet was driving too fast, and was, therefore, guilty of negligence. (*Woolf* v. *Beard,* 8 *Carr. & P.,* 373; see also *Pluckwell* v. *Wilson,* 5 *Carr. & P.,* 375; *Williams* v. *Holland,* 6 *Carr. & P.,* 23; *Brand* v. *The Troy and Schenectady Railroad Company,* 8 *Barb.,* 368, *and cases there cited; Sheffield* v. *The Rochester and Syracuse Railroad Company,* 21 *Barb.,* 342.)

(2.) Where the negligence of the plaintiff is proximate and that of the defendant remote, no action can be sustained. In such a case, the plaintiff himself is the immediate cause of the accident. This rule embraces all that class of cases where, at the time of the injury, the plaintiff was chargeable with a want of proper care. On the other hand, where the negligence of the defendant is proximate and that of the plaintiff remote, the action may be sustained. The question then is, whether, it being conceded that the plaintiff was not without fault, the defendant might, by the exercise of reasonable care and prudence at the time of the injury, have avoided it. *Kerwhacker* v. *The Cleveland, Columbus and Cincinnati Railroad Company* (3 *Ohio,* 172, *N. S.*) may be referred to in illustration of this rule. The plaintiff had carelessly let his hogs run at large in the vicinity of the defendants' uninclosed road. Being found upon the track, the hogs were run over and killed by the defendants' servants. It was held that, notwithstanding the carelessness of the plaintiff, the defendants were bound to use reasonable care in avoiding an injury. Being found guilty of gross negligence in the destruction of the hogs, the action was sustained. On the contrary, in *Trow* v. *The Vermont Central Railroad Company,* the action was not sustained, because there was no want of care in avoiding the injury at the time it happened. See also the donkey case (10 *Mees. & W.,* 548).

In the case now before us, the jury, instead of being instructed, in substance, that the defendants were liable

unless the "negligence of the deceased *directly* contributed to produce the catastrophe," should have been told that if the negligence of the deceased, at the time of the accident, in any way concurred to produce it, the plaintiff could not recover.   The verdict of the jury shows that they must have been misled by the charge.   Upon the evidence before them, they could not have said that the deceased was not chargeable with negligence, amounting to utter recklessness, in placing himself in the position in which he was first discovered.   If in his senses, as he must be presumed to have been, he courted his own destruction.   Under these circumstances, he must be regarded as having coöperated with the defendants to produce his death.   Unless the jury could be made to believe that, after the deceased was discovered, the defendants, by reasonable care, could have avoided the fatal result, they were not liable.   That they could have done this has not been pretended.   The testimony would scarcely warrant such a conclusion.

I am of opinion, therefore, that the judgment should be reversed and that a new trial should be awarded, with costs to abide the event.

All the judges concurred in the result of these opinions, and, for the most part, in the grounds stated in both of them. STRONG, J., after hearing the opinion of HARRIS, J., agreed that the word "directly" ought to have been withdrawn from the charge, though he doubted whether in this case it did any practical injury to the defendant; and in this JOHNSON, Ch. J., and SELDEN, J., concurred.   The latter objected to an implication which he conceived to lurk in the opinion of STRONG, J. (but which STRONG, J., disclaimed), that, in the absence of proof of any circumstances importing negligence on the part of the plaintiff, there might be a presumption thereof which he is required to repel; whereas his negligence must be inferred from evidence, and is not to be presumed.   For this reason he and ROOSEVELT, J., put

their judgment mainly on the grounds stated by HARRIS, J. DENIO, J., was of opinion that the judge erred in refusing to charge as requested in respect to the negligence of the plaintiff in going upon the track while under the influence of intoxicating liquor. COMSTOCK, J., expressed no opinion

Judgment reversed and new trial ordered