HUERZELER *v.* CENTRAL CROSS-TOWN R. CO.

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

1. IMPUTED NEGLIGENCE—PARENT AND CHILD.
   Where, in an action for the death of a child caused by the negligence of defendant street railway company, the jury finds that the injury was caused by the negligence of defendant, and that there was no contributory negligence on the part of the child, the parent's negligence, if any, is ineffectual to defeat a recovery.

**2. STREET CARS—INJURY TO CHILD ON TRACK—NEGLIGENCE OF DRIVER.**

Evidence that the car was running as fast as 12 miles an hour,—twice the rate allowed by law; that the driver saw the child 35 feet away, and neither slackened speed nor applied the brake; and that, if he had applied the brake, he could have stopped the car before striking the child,—is sufficient proof of defendant's negligence.

**3. SAME—CONTRIBUTORY NEGLIGENCE.**

Evidence that the child, while passing over the street elsewhere than at a crossing, heard the cry of the driver, and started to run, but the car came so fast that the horse and car struck her 1½ or 2 seconds from the time the driver called out to her, is sufficient to exonerate the child from the imputation of negligence.

**4. SAME—WHEN NOT A CONTRIBUTING CAUSE.**

The negligence of defendant being the sole cause of the injury, since after discovering the child's peril the driver had ample time, by ordinary care, to avert the accident, the negligence of the child, even if there was any, was not a contributing agency.

**5. EXCESSIVE DAMAGES—DEATH OF CHILD.**

A verdict for $2,000, for the death of a female child five years old, is not excessive damages.

**6. REVIEW ON APPEAL—INSTRUCTIONS.**

Error imputed to the charge, and refusal to charge, is not available on appeal, on an "exception to the granting of the requests on the other side, and the refusal to charge those of mine that were not charged."

Appeal from trial term.

Action by Fritz Huerzeler against the Central Cross-Town Railroad Company to recover for the death of his daughter, alleged to have been caused by the negligence of defendant. The deceased child was five years old, and bright and healthy. From a judgment entered on a verdict of $2,000 in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Wolff & Hodge,* (Robert Sewell, of counsel,) for appellant. *Russ & Heppenheimer,* (Henry Schmitt and Charles H. Lellman, of counsel,) for respondent.

PRYOR, J. The case was tried upon the postulate that the child was *non sui juris.* Nevertheless the learned trial judge charged that "a recovery can be had if the negligence of the defendant was the sole cause of the injury, and no negligence of the child contributed to it;" and, more explicitly still, that, "if the jury find that the deceased's own negligence contributed to her death, they must find for the defendant." Upon this instruction the verdict for the plaintiff necessarily negatives the fact of the child's contributory negligence; and hence the parent's negligence, if any, was ineffectual to defeat a recovery. *McGarry* v. *Loomis,* 63 N. Y. 104. Supposing, however, the imputed negligence of the parent in the case, it was not negligence *per se* to suffer the child to play in the street, (*Kunz* v. *City of Troy,* 104 N. Y. 344, 10 N. E. Rep. 442; *Birkett* v. *Ice Co.,* 110 N. Y. 504, 18 N. E. Rep. 108;) and the verdict is conclusive of the question in favor of the plaintiff. The inquiry then is whether the evidence suffices to authorize the inference of defendant's negligence and the child's nonnegligence. Evidence that the car was running as fast as 12 miles an hour,—twice the rate allowed by law; that the driver saw the child 35 feet away, and neither slackened speed nor applied brake; that if he had applied the brake he would have stopped the car before striking the child,—is surely plentiful proof of defendant's negligence. As to the child's nonnegligence, the case is equally clear. She had the right to pass over the street elsewhere than at a crossing. *Moebus* v. *Herrmann,* 108 N. Y. 349, 15 N. E. Rep. 415. While so passing, she heard the cry of the driver, and "started to run, and as she started to run the car came so fast that the horse and car struck her a second and a half or two seconds from the time the driver hollered." Upon this statement of the occurrence the jury were well warranted in exonerating the child from the imputation of negli-

gence. But the mere negligence of a plaintiff is not enough to defeat his recovery. His negligence must be a contributing cause of the injury. Assuming, then, the negligence of the child, it is still apparent that the negligence of the defendant was the sole cause of the injury; for, after discovering the peril of the child, the driver had ample time and opportunity, by ordinary care, to avert the impending catastrophe. Hence it was the lack of that care on his part alone which occasioned the casualty. The negligence of the child, if any, was not a contributing agency. *Railway Co.* v. *Ives*, 144 U. S. 409, 12 Sup. Ct. Rep. 679; 1 Shear. & R. Neg. §§ 99, 100, notes. The evidence was ample to authorize the verdict.

Appellant contends that, though the verdict be valid, the damages are excessive; but the clear weight of authority is to the contrary of the proposition. *Birkett* v. *Ice Co.*, 110 N. Y. 504, 18 N. E. Rep. 108; *Ihl* v. *Railroad Co.*, 47 N. Y. 317; *O'Mara* v. *Railroad Co.*, 38 N. Y. 445; *Oldfield* v. *Railroad Co.*, 14 N. Y. 310; *Biermauer* v. *Railroad Co.*, 15 Hun, 559, 77 N. Y. 588; *Houghkirk* v. *Railroad Co.*, 92 N. Y. 219, (reversal on another point.) Appellant imputes error to the charge and refusal to charge; but the point is not available upon an "exception to the granting of the requests on the other side, and the refusal to charge those of mine that were not charged." *Read* v. *Nichols*, 118 N. Y. 224, 23 N. E. Rep. 468; *Newall* v. *Bartlett*, 114 N. Y. 399, 21 N. E. Rep. 990; *Smedis* v. *Railroad Co.*, 88 N. Y. 14. The exceptions to evidence taken below are not pressed upon the appeal. On review of the record, we perceive no error available to appellant, and, upon the evidence, we are entirely satisfied with verdict.

Judgment and order affirmed, with costs. All concur.