GRAY v. WEIR.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. MASTER AND SERVANT—INJURY TO THIRD PERSON—NEGLIGENCE OF SERVANT—CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

Where a passenger on alighting from a train at a station negligently fell from the steps of the car, and before she had time to arise, was injured by being run into by a truck propelled by defendant's servant, defendant was liable if by ordinary prudence defendant's servant could have prevented the accident after he discovered, or should have been aware of, the presence of the passenger on the floor of the station.

2. SAME—QUESTIONS FOR JURY.

In an action for injuries to plaintiff, who was run into by a truck propelled by defendant's servant, held a question for the jury whether

the servant by ordinary prudence could have prevented the accident after he discovered, or should have been aware of, the dangerous position of plaintiff.

Appeal from Trial Term, Orange County.

Ation by Alida H. Gray against Levi C. Weir, as president of the Adams Express Company. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

John C. R. Taylor, for appellant.
Richard Reid Rogers, for respondent.

HOOKER, J.   This is an appeal by the plaintiff from a judgment of the trial term entered upon a verdict in favor of the defendant directed by the court at the close of the whole case. The facts to be deduced from the evidence most favorable to the plaintiff are as follows: The plaintiff was a passenger on a train of the New York, Ontario, and Western Railroad, which stopped at the station in Middletown, N. Y.; she desired to alight there, and, stepping out on the platform, started to descend the stairs leading from the car platform to the asphalt floor of the station. In some way, which is unexplained, and which she says is a mystery to her, she missed her footing and fell from the second step to the pavement below at the side of the train, alighting in a more or less prostrate manner. When she struck the ground she endeavored immediately to arise, observing approaching her along a line parallel to and within a foot or two of the side of the train from which she had come, a four-wheeled express truck owned and used by the Adams Express Company, of which this defendant is president. The servant of the express company, who was propelling the truck, was about three feet distant from her at the time she struck the station floor. He was holding its handle or tongue, and this was between three and four feet long. He was proceeding at a rapid walk. There was no room to allow his turning into the space between the plaintiff's prostrate form and the car, but there is no evidence that there was any obstruction to prevent turning the truck in the opposite direction. Before she was able to get out of the way, one of the front wheels of the truck struck her body over the region of the lower ribs, and she sustained the injuries for which she seeks to recover in this action.

It may be assumed, so far as the discussion in this case is concerned, that the plaintiff was guilty of negligence in falling from the car steps. It is said, however, that inasmuch as she fell upon the spot where, had she alighted safely, she would have been standing, and inasmuch as she was invited by the railroad company to alight from the train at that stop, hence she could not be charged with negligence in being there, and it matters not whether she walked off the train or fell off. And yet, if she had been standing where she lay, she would not have received the injuries of which she now complains, even though the truck had come in contact with her body. The wheel of the truck struck her over the region of the lower ribs. This would have been impossible had she been standing. Imagination might picture injuries to her

lower extremities, but under the doctrine announced in Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216, she could not recover for the injury she sustained unless it appears with reasonable certainty she would have sustained the same injuries had the accident occurred without her negligence.

This brings us to consider the questions whether her negligence was contributory to or the proximate cause of the injury. This record involves the application of the exception to the rule which precludes recovery where the plaintiff is negligent, and is to be found in cases where the defendant might by the exercise of reasonable care and prudence have avoided the injury. Grand Trunk R. Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; Button v. Hudson River R. R. Co., 18 N. Y. 248; Austin v. N. J. Steamboat Co., 43 N. Y. 75, 3 Am. Rep. 663; Silliman v. Lewis, 49 N. Y. 379; McKeon v. Steinway R. Co., 20 App. Div. 601, 47 N. Y. Supp. 374; Rider v. Syracuse R. T. R. Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125; Wasmer v. D., L. and W. R. R. Co., 80 N. Y. 212, 36 Am. Rep. 608; Costello v. Third Avenue R. R. Co., 161 N. Y. 317, 55 N. E. 897. Whether an act is the proximate or remote cause of an injury is ordinarily a question of fact for the jury and not to be decided as a question of law by the court unless in a clear case. Costello v. Third Avenue R. R. Co., 161 N. Y. 317, 323, 55 N. E. 897. Adopting the view most favorable to the plaintiff, the wheels of the truck, unloaded except for a small package, were six or seven feet distant from her at the time she fell. The servant of the express company was moving toward her at a rapid walk. Under these circumstances the jury might properly have found that the defendant negligently, if not wantonly, ran the plaintiff down. One conveying a truck through a railroad station is bound to look where he is going and especially so when he is proceeding within a foot or two of the side of a train which has just stopped for the purpose of discharging passengers. It seems to us that it was within the bounds of reasonable physical effort for him to have been able, either by stopping the progress of the truck or turning it abruptly to one side, to prevent its coming in contact with the plaintiff's prostrate form. At least sufficient was shown to present the question as one of fact for the jury as to whether or not by the exercise of ordinary prudence and care the defendant could have prevented the serious consequences, after defendant's servant discovered or should have been aware of the presence of the plaintiff on the floor of the station. Sufficient time elapsed and there was sufficient space traversed by the wheels of the truck to present this question as one of fact for the jury's consideration.

We are not unmindful of the decision in Rider v. Syracuse R. T. R. Co., supra. There the plaintiff's intestate drove upon the track in front of the defendant's electric car approaching at a rate of from six to nine miles an hour. The car struck the last rear wheel of the vehicle just before it cleared the last track, and the motorman neglecting to stop the progress of the car, pushed the wagon forward twenty to thirty feet where it finally capsized, and the plaintiff's intestate, the driver, who was uninjured until the tipping over of the wagon, was then thrown to the pavement and received the injuries from which he died. The Court of Appeals in that case held, by a divided court,

that the negligence of the plaintiff's intestate in driving upon the track was the proximate cause of his injuries. The prevailing opinion states:

"The practical result of this theory is to hold that at the moment of the first contact the negligence of the deceased was proximate and contributory, while a moment afterwards it became remote and immaterial. This involves a refinement of reasoning and a process of speculation that is scarcely practical or possible in the determination of the rights of parties in controversies of this character. It permitted the jury to divide a transaction which was in itself indivisible, and to attribute the injury to the conduct of the motorman after the first contact without regard to the negligence of the driver in creating the situation."

The case under consideration is to be distinguished from the Rider Case. The truck had never been in contact with the plaintiff's person until the actual injury was finally sustained. The transaction was not indivisible. The plaintiff's fall preceded her being run into by a period of time long enough for the defendant's employé to discharge the duty of prompt action which the circumstances required. Our opinion is that the record presents a case where the plaintiff has the right to have the question submitted to the jury of whether or not her act in falling was the proximate cause of the injury.

The judgment and order should therefore be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.