the answer necessa..ily involved the assumption that her physical condition was free from the troubles mentioned, or the alleged assault could not have been the producing cause of them, and the fact of her previous condition was within the knowledge of the witness, so that the case is not within the rule of Gill v. Erie Railroad Co., 151 App. Div. 131, 140, 135 N. Y. Supp. 355, 362, where the vice of the question lay in the fact that the witness was called upon to testify from "the examination you made, and what you learned of this injury, and the condition you found him in," without disclosing to the jury the facts upon which the opinion was based. Here the witness had testified to the physical injuries which he found, and that he knew of her physical condition prior to the accident, and upon this basis he was permitted to testify that in his judgment the results complained of, which were set forth in the question, might and could result from the alleged assault.

This is, I believe, in substantial conformity to the rule as laid down in Reynolds v. Robinson, 64 N. Y. 589, that the witness' "opinion may be obtained by stating to him a hypothetical case, taking in some or all the facts stated by witnesses, and claimed by counsel putting the question to be established by their evidence, and when the question is thus stated, the witness has in his mind a definite state of facts, and the province of the triers, whether referees or jurors, is not interfered with."

The judgment and order appealed from should be affirmed, with costs, and without opinion.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. BURR, J., dissents, upon the ground that the court erred in allowing the answer to the hypothetical question addressed to the physician, discussed in the prevailing opinion.

---

ENGLISH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. December 6, 1912.)

CARRIERS (§ 281*)—INJURED PASSENGER—NEGLIGENCE.

Where, in an action for the death of plaintiff's intestate from falling under a moving train, which he was attempting to board while intoxicated, there was no evidence of decedent's condition between the time of his coming to the station, at which time he was apparently able to care for himself, and the time of the accident, more than an hour later, plaintiff's recovery was not warranted, on the theory that defendant was negligent in failing to either exclude decedent from its station or to assign an employé to attend him.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1093–1097; Dec. Dig. § 281.*]

Appeal from Trial Term, Westchester County.

Action by Catherine English, as administratrix, etc., against the New York Central & Hudson River Railroad Company. From a

judgment for plaintiff, and denial of new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

John F. Brennan, of Yonkers, for appellant.
Michael J. Tierney, of New Rochelle, for respondent.

HIRSCHBERG, J.  The appeal is from a judgment and order based on a verdict awarding the plaintiff damages for the death of her intestate, Edward English. It appears that he was injured at about 47 minutes after 10 o'clock on the evening of July 3, 1907, while trying to board a moving train leaving defendant's station at Tarrytown, N. Y., and that he died a few hours afterwards from the injuries. Between 5 and 6 o'clock in the evening English, accompanied by his daughter, a child 5 years of age, and his stepdaughter, 15 years of age, visited the defendant's station at Tarrytown and purchased a ticket for himself to Newburgh, N. Y., and a half ticket for his stepdaughter to Fishkill, N. Y.; it being his intention to pay her fare between Fishkill and Newburgh to the ferry company. At that time English was sober. Soon after purchasing the tickets he began a series of visits to various saloons in the vicinity of the station, leaving the children at the station. After his return from the third visit he was quite intoxicated, being barely able to walk. By the time his train arrived, about 25 minutes after 7, he had fallen asleep upon the station platform. The two girls left him asleep, going on the train to their destination in charge of one of the passengers. It does not appear how long he remained asleep on the station platform. At half past 9, however, the police officer on duty at the station saw him come out of one of the saloons in the vicinity of the station, cross the street to the side the station is on, walk along that street to a fruit store, enter the same, and in a brief time return from the store to the station. The witness testified as follows:

"He was not so intoxicated that I felt called upon to make any arrest, not at that time. He was able to get along himself. He walked straight across to the station. He walked straight down to the fruit store. He went on his business and back to the station, and I did not see him again until after the accident."

It does not appear where English passed the time intervening the time that witness last saw him and the time of the accident. At 47 minutes after 10, as a north-bound passenger train was leaving Tarrytown, having made its stop, some one shouted, "All aboard!" and English ran from the station platform, apparently further north than the place of the waiting room door, and about opposite the door of the station baggage room. He grabbed for the handles of one of the doors inclosing a car platform, and missed it, falling alongside the car, and rolling on the ground until he passed under the rear truck of the last car, receiving the injuries that resulted in his death.

It is conceded that his attempt to board the moving train constituted negligence; but the learned counsel for the respondent seeks to sustain the recovery on the ground that the facts authorized the jury to apply the principle of Davies v. Mann, 10 M. & W. 546, to the effect that there may be a recovery, notwithstanding the negligence of the injured party, if the defendant, after the occurrence of such negligence, could have avoided its result by the exercise of ordinary care. See Weitzman v. Nassau Electric R. R. Co., 33 App. Div. 585, 591, 53 N. Y. Supp. 905, and Button v. Hudson River R. R. Co., 18 N. Y. 248. The rule established in Davies v. Mann, supra, and since frequently followed in this and other jurisdictions, assumes as its basis the omission after the negligence to perform some duty which, if performed, would have avoided the result of the negligence. In such cases the subsequent omission is deemed the sole, direct, and proximate cause of the injury.

There are no facts in the case at bar warranting the jury in finding the subsequent neglect of any duty by the defendant resulting in the death of plaintiff's intestate. Whether the station platform was a dangerous place for the defendant's employés to permit English to sleep, so that the defendant would have been liable, had he been injured by rolling under a moving train or otherwise, is not material here. Nor is it necessary to determine whether his condition was such before his return to the station at half past 9 that the defendant's employés should have had him arrested. The undisputed evidence shows that at 9:30 he was apparently better able to care for himself than he had been earlier in the evening, and that the village policeman did not deem it necessary to place him under arrest. The defendant is not chargeable under these circumstances with knowledge that he would subsequently attempt to board a moving train. His negligence in attempting to board a moving train was the direct, proximate cause of his death, and there was nothing that the defendant's employés could have done after the occurrence of that negligence whereby its fatal result would have been avoided. The judgment appealed from can be sustained only on the theory that the defendant was under the duty of refusing him access to its station or of assigning one of its employés to attend and watch him while at the station. There is nothing in the record regarding the decedent's condition between the time of his return to the station at half past 9 and the happening of the accident, more than an hour later, that necessarily imposed such duty upon the defendant.

None of the cases cited by the learned counsel for the respondent presents facts analogous to those in the case at bar. In Black v. N. Y., N. H. & H. R. R. Co., 193 Mass. 448, 79 N. E. 797, 7 L. R. A. (N. S.) 148, 9 Ann. Cas. 485, the railroad employés took the plaintiff, an intoxicated passenger, from a place of comparative safety and left him in a place of danger, where he was almost immediately injured. In Gill v. Rochester & Pittsburgh R. R. Co., 37 Hun, 107, and in Donovan v. Greenfield & T. F. St. R. Co., 183 Fed. 526, 106 C. C. A. 72, there was sufficient evidence to warrant the jury in find-

ing that the decedent had been ejected from the defendant's car at a dangerous place, while in a helpless condition. In the former case the court stated that no voluntary or conscious act of the decedent could have intervened the ejectment and his death.

In C., I., St. L. & C. R. Co. v. Cooper, 120 Ind. 469, 22 N. E. 340, 6 L. R. A. 241, 16 Am. St. Rep. 334, the defendant's employés knowingly left the intestate helpless upon the railroad track, where he was subsequently killed by one of the defendant's trains. In Wells v. N. Y. C. & H. R. R. Co., 25 App. Div. 365, 49 N. Y. Supp. 510, the decedent, one of defendant's passengers, was wrongfully ejected from the defendant's station when mentally irresponsible from illness apparently due to epilepsy, and was permitted to wander upon the tracks in the vicinity of the station, where he was killed by one of the defendant's trains in a manner not disclosed in detail by the opinion or report.

The record in the case at bar does not show any such helpless condition of plaintiff's decedent upon his return to the defendant's station more than an hour prior to the accident.

The judgment and order should be reversed, and a new trial granted. All concur.