Frank Bisogno, an Infant, by Fedele Bisogno, His Guardian ad Litem, Appellant, *v.* New York Railways Company, Respondent.

Fedele Bisogno, Appellant, *v.* New York Railways Company, Respondent.

First Department, December 17, 1920.

Street railways — negligence — injury to infant on track caused by street car coming from behind — proper charge destroyed by subsequent erroneous charge — doctrine of last clear chance.

Where the plaintiff, a boy nine years of age, while on the tracks of a street railroad company was struck by a car coming from behind, and it appears that the motorman had the plaintiff in sight for at least one hundred feet and did not slacken his speed or ring his bell, it was proper for the court to charge in substance, under the doctrine of the last clear chance, that if one places himself in a dangerous and imprudent position with respect to another and the danger can be avoided by reasonable diligence on the part of the other, he has no right to cause the accident by failing to exercise that diligence.

But, having properly charged as aforesaid, it was reversible error for the court further to charge that if both the plaintiff and the motorman were negligent there can be no recovery.

SMITH and LAUGHLIN, JJ., dissent, with opinion.

APPEAL by the plaintiff in the first-entitled action, Frank Bisogno, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of February, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of December, 1918, denying plaintiff's motion for a new trial made upon the minutes.

Appeal by the plaintiff in the second-entitled action, Fedele Bisogno, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of February, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of December, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*George W. Smyth* of counsel [*Clarence C. Meleney* with him on the brief]; *Hobart S. Bird*, attorney, for the appellants.

*B. H. Ames* of counsel [*James L. Quackenbush*, attorney], for the respondent.

CLARKE, P. J.:

The infant plaintiff was nine years of age at the time of the accident and was so immature that at the trial, a year and a half thereafter, the court declined to have him sworn, but by consent of counsel permitted him " to be examined   *   *   * without the formality of an oath, regarding the testimony that he may give, as in the form of a statement for the benefit of the jury."

The jury could have found from the evidence that the boy, who had been playing upon the street, ran out into the roadway and got upon the south-bound track upon which he proceeded south for thirty feet before he was struck; that the motorman upon the car which was running south had him in plain sight for at least 100 feet; that he did not slacken his speed or ring his bell and that after the car hit the boy it proceeded 100 feet before it was stopped.   With this evidence in mind at the

close of the charge, the plaintiff's counsel asked the court to charge " that if the defendant's motorman saw this boy on the track, in peril, the boy not looking towards the car, in time for the motorman to stop the car and avoid the accident, and he did not do that, that then the defendant would be liable, even though the boy or his father were negligent in getting himself on to the track in danger. The Court: I shall not charge it in that way. I will charge it in this way. That if the situation at the time of, or just before the accident, as between the car and the boy, was such that the accident could have been avoided if the motorman had used reasonable care and diligence, then that would justify the jury in finding the defendant had been negligent. I will say further, one may put himself in a dangerous position, an imprudent position, with respect to another, but if the danger can be avoided by reasonable diligence on the part of that other, it stands to reason that he has no right to bring on the accident by failing to exercise that diligence."

That charge, it seems to me, was clearly right under the circumstances disclosed, under the doctrine of last clear chance. Thereafter counsel for the defendant said: " Now, that there may be no mistake on the part of the jurors as to what your Honor means, in response to the request made by plaintiff's counsel, I understand your Honor to charge that the negligence of the motorman can be established by the fact that the boy was in a place so dangerous, so far ahead of him, that with the exercise of reasonable care he could have stopped; but will your Honor also charge the jury that that does not entitle the plaintiff to a verdict, that if both were negligent, both the boy and the motorman, there cannot be any recovery. The Court: I so charge. [Plaintiff's counsel]: I except to that."

That was the last word to the jury and completely annulled and wiped out and destroyed the previously quoted charge made at the request of the plaintiff's counsel. In other words, the case was finally submitted to the jury on the plain doctrine that contributory negligence would prevent a recovery. In my opinion this was error and of such a character as requires reversal of this judgment. The doctrine of a last clear chance has been frequently applied in this State. In *Mallard* v. *Ninth*

*Avenue R. Co.* (7 N. Y. Supp. 666) the General Term of the Court of Common Pleas held that a child between nine and ten years of age was attempting to cross Greenwich street at the intersection of Spring street. There was a crowd of persons on the crosswalk at the time, who stood back to let the approaching car pass; the child stopped about two feet from the car track with her back to the approaching car then fifty feet away, and called to companions on the sidewalk to follow her. There was no obstruction to prevent the driver from seeing the child. He came at a rapid pace, his horse passed the child, who then turned and attempted to cross the track, and was struck by the front platform of the car, run over by the front wheel, and dragged a short distance by the hind wheel before the car was stopped. The court said: " This state of facts required the submission to the jury of the question whether the driver of the car exercised ordinary care, under the circumstances. The distance from the track, (two feet) at which the child stood when the car approached may have been a safe distance, providing she remained where she was; and it may be urged that the driver was justified in proceeding without slackening his speed, in view of that circumstance. I think this would be so, if the child had been looking towards the car as it approached, or the driver had any reason to believe that she was aware of the danger of making an attempt to cross, and that she would probably refrain from doing so. But, as her back was towards him, he must have seen that there was some hazard that she might not be aware of the approach of the car, and might make some movement that would have put her in danger. He was not to expect the same prudence on her part that he might justly look for from an adult or older person. He was bound to know that she could exercise only the prudence natural to her tender years, and under these circumstances he was bound to exercise care proportioned to the danger to be avoided; and whether he did so or not was a question for the jury. * * * But in this case the question arises whether the driver of the car, notwithstanding the negligence of the child, could not have prevented the accident by the exercise of ordinary care. If he could, then he was the sole cause of the injury, and the negligence of the child will not prevent a recovery. ' The plaintiff may

recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him.' Shear. & R. Neg. § 36. Contributory negligence on the part of the plaintiff will not disentitle him to recover damages, if the defendant might, by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff. * * * There may be mutual negligence, and yet one party have a right of action against the other. If a man negligently lie down and fall asleep in the middle of the public road, and another, failing to exercise ordinary care, should drive over him, the party injured would have a right of action against the other. *Thomas* v. *Kenyon*, 1 Daly, 142."

And as lately as *Bragg* v. *Central N. E. R. Co.* (228 N. Y. 54; 160 App. Div. 603) the Court of Appeals reversed the Appellate Division which had reversed a judgment entered on a verdict for the plaintiff and dismissed the complaint, and affirmed the trial court. In that case a section hand was seated on a tie close to the rails with his head between his knees apparently asleep. He was killed by a train. The track was straight for nearly a mile. The trial court charged that the deceased was guilty of negligence and that there could be no recovery unless the jury was satisfied that after the engineer on the train had actually discovered Bragg in his position of peril he should in the exercise of ordinary care have stopped his train and so have prevented the accident. The Court of Appeals in its opinion said: " Therefore, assuming as we must under the instruction that Bragg was negligent, we think this one of the few cases where may be applied the rule laid down by the trial judge. Bragg's negligence was not the proximate cause of his injury."

In *Hallock* v. *New York, O. & W. R. Co.* (197 N. Y. 454) Cullen, Ch. J., said: " Though it was through his own negligence that the deceased was in a place of danger, this would not excuse the negligence of the train crew in running him down after his dangerous position was apparent."

In *McKeon* v. *Steinway R. Co.* (20 App. Div. 601) the court said: " When a plaintiff, by his negligence, has placed himself in a dangerous position, the defendant, advised of his

situation, is not for that reason legally justified in failing to use reasonable care to not injure him."

In *Johnson* v. *Interborough Rapid Transit Co.*, as late as July 2, 1920, this court in a unanimous opinion reported in 192 Appellate Division, 639, said: " It seems to be the settled law in this jurisdiction that, notwithstanding a person may be placed in a position of great peril by reason of his own act of negligence, it is the duty of the one operating a railroad to avoid further injury to him if, by the exercise of ordinary care, he is able to do so." (Citing cases.)

It should be borne in mind that this accident occurred on the public street and not upon a steam railroad's right of way. It has been held many times that children have a right to use the streets and to play in them. It was not negligence *per se* to be on the roadway nor even upon the track and the child running south upon the car track might well suppose that no motorman would run him down on a clear day and with no obstructing vehicles without a warning. But if he did negligently go upon the track so far ahead of this car as might have been found by the evidence that he did, the doctrine of the last clear chance to my mind is applicable and that if seeing him in that position the motorman had used ordinary care the accident would not have occurred. That issue being presented by the evidence, the court having correctly charged the doctrine and then, upon the inducement of the defendant's attorney, having destroyed it, an error of law is presented which we cannot overlook. For this error the judgments and orders appealed from should be reversed and new trials ordered, with costs to the appellants to abide the event.

PAGE and MERRELL, JJ., concur; LAUGHLIN and SMITH, JJ., dissent.

SMITH, J. (dissenting):

The accident happened on Trinity place, about sixty feet south of Edgar street, which runs west from Trinity place. The distance between the west curb of Trinity place and the south-bound track, at the point of the accident, was between twelve and thirteen feet. The time of the accident was about

four-thirty P. M. The boy was nine years of age. He was upon the defendant's south-bound track and a car coming from the north struck him and caused his injuries. There is a conflict of evidence as to the circumstances under which the accident happened. From the testimony of the plaintiff's witnesses the jury may have found that the boy and several of his playmates ran out upon the track from the west side of the street at the intersection of Edgar street and Trinity place and the boy proceeded to walk south upon the track for a distance of from twenty to twenty-five feet and that the motorman of the car coming from the north had ample time to see the boy walking south upon the track and without warning ran him down and caused his injuries. The testimony of the defendant's motorman is that when the boy was run down, which was directly opposite his father's barber shop on Trinity place, the boy ran directly from the curb out to the track in front of him and that he had no opportunity to stop his car. The jury has accepted the defendant's claims in the case, and the only question raised by the plaintiff is upon the charge of the court.

After the court had submitted to the jury the question of the negligence of the defendant and the contributory negligence of the boy, the plaintiff's counsel asked the court to charge: "That if the defendant's motorman saw this boy on the track, in peril, the boy not looking towards the car, in time for the motorman to stop the car and avoid the accident, and he did not do that, that then the defendant would be liable, even though the boy or his father were negligent in getting himself on to the track in danger." To this the court responded: "I shall not charge it in that way. I will charge it in this way. That if the situation at the time of, or just before the accident, as between the car and the boy, was such that the accident could have been avoided if the motorman had used reasonable care and diligence, then that would justify the jury in finding the defendant had been negligent. I will say further, one may put himself in a dangerous position, an imprudent position, with respect to another, but if the danger can be avoided by reasonable diligence on the part of that other, it stands to reason that he has no right to bring on the accident by failing to exercise that diligence." To this the

defendant's counsel excepted and said: " You are eliminating the contributory negligence there. That places the question of the contributory negligence on the defendant." To this charge no exception was taken by the plaintiff's counsel. Thereafter the defendant's counsel asked the court to charge: " Now, that there may be no mistake on the part of the jurors as to what your Honor means, in response to the request made by plaintiff's counsel, I understand your Honor to charge that the negligence of the motorman can be established by the fact that the boy was in a place so dangerous, so far ahead of him, that with the exercise of reasonable care he could have stopped; but will your Honor also charge the jury that that does not entitle the plaintiff to a verdict, that if both were negligent, both the boy and the motorman, there cannot be any recovery." The court so charged and the plaintiff's counsel thereupon took an exception.

The contention of the plaintiff's counsel, the appellant upon this appeal, is that the court, in response to the defendant's last request to charge misstated the so-called rule of the " last clear chance," and, therefore, the exception was well taken. It will be noted that in the request no distinction was made as to the negligence of the boy in running on to the track and as to his negligence after he was on the track in walking south upon the track for twenty or twenty-five feet without looking back to ascertain whether or not a car was approaching. If the plaintiff's counsel had sought to raise this question, the attention of the court should have been called thereto. The plaintiff's counsel upon this argument stands squarely upon the proposition that under the doctrine of the last clear chance, no matter what may have been the negligence of the boy at the time of the accident, after he had gotten upon the track and to whatever extent that negligence contributed to produce the injury, the plaintiff is entitled to recover. Upon this contention arises the sole question here for determination.

In Shearman & Redfield on the Law of Negligence (6th ed. vol. 1, § 99) the rule is stated: " It is now perfectly well settled that the plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury

was more immediately caused by the defendant's omission, after becoming aware ·of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him."

The doctrine of the last clear chance seems to have arisen first in the case of *Davies* v. *Mann* (10 M. & W. 546), the celebrated " donkey case." Davies negligently left his donkey on the highway, fettered, so that it could not escape. Mann, driving rapidly and carelessly, ran over the donkey. The report does not show whether Mann's driver was aware of the donkey's presence on the road or not. It was held that the plaintiff was entitled to recover, on the ground that, " although the ass may have been wrongfully there, still the defendant was bound to go along the road at such a pace as would be likely to prevent mischief." In that case the language of PARKE, B., writing for the court, is, as stated in Shearman & Redfield on Negligence (Vol. 1 [6th ed.], § 99), substantially in part as follows; " Notwithstanding previous negligence of the plaintiff, if at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant, an action will lie." Under said section 99, in a note on page 253, reference is made to a note to *Bogan* v. *Ry. Co.* (55 L. R. A. 418) where the subject of liability growing out of the duty to discover the plaintiff's peril is exhaustively discussed and the cases collected, the annotator thus concluding the review: " There is a decided tendency on the part of the courts to apply the doctrine to any omission of duty on the part of the defendant, whether before or after the discovery of the peril in which the plaintiff or deceased had placed himself or his property by his antecedent negligence, if that breach of duty intervened or continued after the negligence of the other party had ceased." The same section further reads on page 255: " That principle is that the party who has the last opportunity of avoiding accident is not excused by the negligence of any one else. His negligence and not that of the one first in fault is the sole proximate cause of the injury." In the editor's note to this statement reference is made to the case of *Bruggeman* v. *Illinois Ry. Co.* (123 N. W. Rep. [Ia.] 1007], where it is said if both could have prevented the injury, the negligence is concurrent and there can be no recovery. In section 101,

the text further reads: " The foregoing rule obviously does not apply, where the plaintiff's contributory negligence is in order of causation, either subsequent to or concurrent with that of the defendant." These citations indicate the distinction between cases in which a plaintiff had originally, through negligence, placed himself in danger where such negligence would be no defense to his action if, after he had so placed himself in danger the defendant had failed to exercise due care to avoid the injury, and, on the other hand, cases where a plaintiff, after he had negligently placed himself in danger by the further failure to exercise due care in protecting himself, had been injured through the negligence of the defendant. In the first case the antecedent negligence of the plaintiff is not deemed the proximate cause of the injury. In the second case the failure to exercise due care at the time of the injury would be concurrent negligence and would be a proximate cause of the injury, as well as the negligence of the defendant.

The fundamental rule governing the liability of a party for negligence is that such liability exists where the negligence of the defendant was the sole proximate cause of the injury, and that the defendant is not liable where the concurrent negligence of the plaintiff was a contributing proximate cause of the injury. So, in the case at bar, even if the boy were negligent in going upon the track, such negligence would not be a proximate cause of the injury if, after he had negligently put himself in danger, the defendant might, with reasonable care, have seen the danger and have avoided the injury, but if the boy, after having negligently placed himself in danger by going upon the track, had been guilty of want of due care in walking down the track, without looking behind him to see whether a car was approaching, then such negligence would have been a proximate cause of the injury, as negligence concurrent with the negligence of the defendant in failing to exercise due care after the defendant had had opportunity to observe the dangerous position of the boy. Such, in effect, was the charge under which the case was finally left to the jury, and I am of the opinion that no rule of law was violated in the charge as made.

It is undoubtedly true, after a person has negligently put himself in danger, a defendant has no legal right to willfully

and maliciously cause him injury, whether or not the plaintiff has been subsequently negligent, because such willful and malicious act would constitute an assault to which the contributory negligence of a plaintiff would be no defense. It is undoubtedly true, as stated in many cases, that where a party has negligently placed himself in danger, the defendant is guilty of a violation of duty by failure to exercise due care to prevent an accident. But in a case of negligence, the failure of the defendant to perform its duty does not create liability for the injury occasioned thereby, provided the negligence of a plaintiff concurs to produce that injury as a proximate cause.

In the note in 55 Lawyers' Reports, Annotated (pp. 418, 419) the annotator says: " It is said that the rule in *Davies* v. *Mann* simply furnishes a means of determining whether the plaintiff's negligence is a remote or a proximate cause of the injury; that before the introduction of the rule any negligence on the part of the defendant, which in any degree contributed to the accident, was judicially treated as a proximate cause, and constituted contributory negligence which barred a recovery. A similar statement is made in *Nashua Iron & Steel Co.* v. *Worcester & N. R. Co.*, 62 N. H. 159, and the same idea is expressed in other terms in many of the other cases. When the doctrine is stated in this form, it becomes apparent that it is not an exception to the general doctrine of contributory negligence, and that it does not operate to permit one to recover in spite of contributory negligence, but merely to relieve the negligence of the plaintiff or deceased, which would otherwise be regarded as contributory, from its character as such, and this result is accomplished by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff, or deceased, and the accident, as the sole proximate cause of the injury, and the plaintiff's *antecedent* negligence merely as a condition or remote cause. The antecedent negligence of the plaintiff or deceased having been thus relegated to the position of a condition or remote cause of the accident, it cannot be regarded as contributory, since it is well established that negligence, in order to be contributory, must be one of the proximate causes." In the same note the doctrine is discussed and the cases in

different jurisdictions examined, and the editor reaches the conclusion that where the negligence of a plaintiff continued up to the time of the accident it would then bar an action for the injury, notwithstanding the negligence of the defendant after the discovery of plaintiff's peril, unless the accident was caused by a wanton and willful act of the defendant.

In 36 Lawyers' Reports, Annotated (N. S. 957) the quotation from the note is upon the question as to whether the doctrine of the last clear chance applies where the danger was not actually discovered by the defendant; that is, whether the failure to discover may not constitute such negligence as would make applicable the doctrine. In discussing the doctrine in that note the editor says: " In the first place, it is to be observed that the doctrine of last clear chance has but a comparatively narrow field of operation, and is concerned with but one of the elements that enter into the ultimate question of liability under a given state of facts. Its sole function is to relieve the plaintiff of the consequences of his own *antecedent* negligence, and the effect of the general unqualified rule of contributory negligence."

Many cases are cited in the appellant's brief as bearing upon the interpretation of the doctrine of the last clear chance. Some cases are cited in other States which would seem to hold a different rule, and to hold that the contributory negligence of a plaintiff continuing down to the time of the accident will not prevent a recovery, if the defendant had failed to use due care after discovering the peril of the plaintiff. He has cited no cases in this State which support that doctrine. In *Sweeney* v. *N. Y. Steam Co.* (15 Daly, 312) it was held that the death was not proximately caused by the negligence of the deceased. In *Button* v. *Hudson River R. R. Co.* (18 N. Y. 248) an intoxicated person fell upon the track. It was held that his negligence in coming upon the track did not contribute to his injury. There was a question simply of antecedent negligence, which was held not to be a proximate cause of the injury. In *Silliman* v. *Lewis* (49 N. Y. 379) it was held that the plaintiff's negligence was not the proximate cause of the injury. In *Kenyon* v. *N. Y. C. & H. R. R. R. Co.* (5 Hun, 479) a child two and a half years old came upon the track and the negligence of the child's parent in permitting

the child to come upon the track was held not to be the proximate cause of the injury. It was stated in that case: " Neglect on the part of the person in charge of the engine to use ordinary care to avoid injuring a person on the track, is, in contemplation of law, equivalent to intentional mischief." But that must be taken in connection with the fact that the child upon the track was only two and a half years of age and not capable of exercising care. In *Remer* v. *L. I. R. R. Co.* (36 Hun, 253) a nonsuit had been granted and it was held that the question of the defendant's negligence and the deceased's contributory negligence should have been submitted to the jury. In *Mallard* v. *Ninth Avenue R. Co.* (7 N. Y. Supp. 666) a nonsuit had been granted on the ground that the defendant had not been guilty of negligence. This the Common Pleas reversed on the ground that there was a question for the jury. The person injured was between nine and ten years of age and ran up to within two feet of the railroad track, which the court held was in a place of danger. The court in that case said: " Had an adult done this, it is probable that he would not be permitted to recover damages for the injury that ensued, as his conduct might be deemed reckless in the extreme. It is possible that the deceased was negligent in so acting. If she were, and that negligence contributed to the accident, a nonsuit was proper." In *Huerzeler* v. *Central, etc., R. Co.* (1 Misc. Rep. 136) it was held that the negligence of the defendant was the sole proximate cause of the injury. In that case reliance is placed upon the case of *Grand Trunk Railway Company* v. *Ives* (144 U. S. 408). In the *Grand Trunk* case the court below had charged the jury that they were to determine the contributory negligence of the plaintiff's intestate, and that this contributory negligence would defeat the action. In the opinion of the court it was said: " These instructions are so full and complete and are in such entire accord with the rules of law applicable to cases of this character, that no fault whatever can be found with them." It was there contended that the contributory negligence should be found as matter of law, which contention the court rejected. In the case of *Gray* v. *Weir* (113 App. Div. 479) the plaintiff, while alighting from a train, accidentally fell. An express truck drawn by the defendant's employee at a rapid walk

was then about three feet away, and owing to a failure to steer the truck so as to avoid the plaintiff, she was struck and injured. The court directed a verdict for the defendant. Held, that assuming the initial negligence of the plaintiff in falling from the train, the question as to whether or not the defendant was negligent in subsequently running the plaintiff down should have been left to the jury, and further, that as the fall of the plaintiff and the injury by the defendant were separated in time, they did not constitute an indivisible transaction so that as a matter of law the fall of the plaintiff must be considered the proximate cause of the injury. That question was for the jury. There was no question there raised as to the negligence of the plaintiff after she had fallen. In *Feldman* v. *N. Y. C. & H. R. R. R. Co.* (142 App. Div. 339) a woman was killed while walking upon a railroad bridge. It was held that recovery could be had, " although the decedent, who entered upon the bridge before the train was in sight, be guilty of contributory negligence as a matter of law in trespassing thereon, if the engineer on discovering her whereabouts, drove his engine ahead regardless of consequences." The question was not raised as to her negligence after she was upon the bridge.

Other New York cases were cited in which it is held that notwithstanding prior negligence of the plaintiff in placing himself in a position of danger, it became the duty of a defendant to avoid the injury if possible. This law is not questioned. Those cases do not hold, however, if after the initial negligence, the plaintiff were guilty of further negligence which was one of the proximate concurrent causes of the injury, that the plaintiff could recover.

Recurring then to the facts in this case, if this child could have been seen upon the track in sufficient time to have stopped this car, and the motorman maliciously and wantonly ran him down and caused his injuries, the boy's contributory negligence would be no defense to such an action. But such a cause of action was not pleaded, nor was such a question submitted to the jury. Upon streets, however, where the cars run frequently, it might well be held to be a question for the jury as to whether this plaintiff in walking south upon the track, from which a car would approach him from behind,

for twenty-five or thirty feet, and giving no heed to his possible danger, was guilty of negligence. Whether or not this child was guilty of negligence in running upon the track, if he were guilty of negligence in remaining .upon the track without giving heed to his danger, and that negligence was a proximate concurrent cause of his injury, the plaintiff cannot· recover. Upon the plaintiff's own showing he could not have been held as a matter of law free from negligence. Upon the evidence of these witnesses upon which he bases his claim, to make applicable the doctrine of last clear chance, it is doubtful if any negligence could have been predicated upon the boy's running upon the track, so that if the accident happened in the way claimed by these witnesses, the only negligence of the plaintiff would probably be in his walking down the track where the cars must approach him from behind, without taking heed of the danger, and watching to see that he was not run down. If such negligence be found by the jury, it would, in my judgment, be a complete answer to his claim for damages for his injury, and the trial judge, therefore, was right in charging as requested by defendant's counsel, and the judgment should be affirmed.

LAUGHLIN, J., concurs.

In each case: Judgment and order reversed and new trial ordered, with costs to appellant to abide event.